572 So.2d 230 (1990)
STATE of Louisiana
v.
David TALLEY.
No. KA 89 1813.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
*231 William R. Campbell, Jr., Attorney for State of La. New Orleans, David J. Knight, Asst. Dist. Atty., Covington, for State.
Marion B. Farmer, James Looney, Covington, for defendant.
Before COVINGTON, C.J., LANIER, J., and VIAL LEMMON[*], J. Pro Tem.
LANIER, Judge.
Defendant, David Talley, was charged by bill of information with negligent homicide, a violation of La.R.S. 14:32. Defendant pled not guilty and, after a bench trial, was found guilty as charged. Subsequently, he was sentenced to a four-year term of imprisonment at hard labor. Following a defense motion, the district court vacated the sentence and resentenced defendant to a two-year term of imprisonment at hard labor. Defendant appeals contending that there was insufficient evidence to support the conviction. He also requests a patent error check.
In reviewing the record for patent error, we noticed that the record does not contain a waiver of the right to trial by jury. In response to our request for information, the district court clerk's office informed us that it had no record of such a waiver. We then ordered the district court to hold a contradictory hearing to ascertain if the record was defective or if there was a proper jury trial waiver. Such a reconstruction of the record is a valid approach when the record does not affirmatively reflect the waiver of the right to trial by jury. See e.g. State v. Cappel, 525 So.2d 335, 337 (La.App. 1st Cir.), writ denied, 531 So.2d 468 (La.1988).
Pursuant to our order, the contradictory hearing was held before the judge who conducted defendant's trial. Connie Mays, a deputy clerk of court, testified she searched the criminal file and did not find any record of a jury trial waiver or of defendant being sworn and advised of that right. Further, there was nothing in the record to reflect that the judge was satisfied that the defendant knowingly and intelligently waived his right to jury trial. The trial of this case was set and continued on several occasions, and the initial settings were for felony (jury trial) dates. Thereafter, during a time when Judge Ellis was presiding, the trial was set for a misdemeanor (bench trial) week. It was continued once again and ultimately set for a misdemeanor date. It was the practice of the trial judge to schedule jury-waived trials during the misdemeanor trial week.
Without being sworn as a witness, the trial judge stated "for the record" that he distinctly remembered conducting a colloquy with defendant in the presence of defense counsel. He further stated that, although he could not remember the date on *232 which it occurred, he was satisfied that defendant did intelligently waive his right to trial by jury. He also noted that he had no explanation for why the court reporter did not record the waiver or why it was not in the record. However, he ruled that "it was done".
Over the state's objection of hearsay, the affidavit of defense trial counsel, Marion Farmer, was introduced into evidence at the hearing. The affidavit states that Mr. Farmer did not specifically remember any questioning of his client by the court regarding waiver of the right to trial by jury, but he remembered a conversation with the assistant district attorney about such a waiver. However, Mr. Farmer did not recall if that conversation was at a pre-trial conference, in open court, or somewhere else. Nor did he remember the date of the conversation.
Because of three fundamental errors in the original contradictory hearing, it is necessary to order another contradictory hearing on the jury trial waiver issue. First, we note that the affidavit of Mr. Farmer constituted hearsay and should not have been admitted over the state's objection. See La.C.E. arts. 801, 802. Secondly, we note that the trial judge's comments were essentially unsworn testimony. All witnesses in a criminal case shall be sworn before giving testimony. La.C.Cr.P. art. 776; State v. Melancon, 163 La. 435, 112 So. 37, 38 (1927). See also La.C.Cr.P. art. 14. Finally, the presiding judge may not testify as a witness; no objection is needed to preserve the point. La.C.E. art. 605. If a judge is a material witness he should be recused. La.C.Cr.P. art. 671(4).
For the foregoing reasons, it is ORDERED that this matter be remanded to the trial court for another contradictory hearing on the issue of jury trial waiver. The Honorable France W. Watts shall recuse himself and refer the matter to another judge. The hearing shall be conducted on or before the 18th day of January, 1991. At the hearing, the burden shall be on the state to show the waiver. The trial court shall state for the record its determination of whether or not a valid jury trial waiver was entered prior to trial. If the district court finds no such waiver, it shall vacate defendant's conviction and sentence and grant a new trial. If the district court finds such a waiver was entered, the appellate record shall be supplemented with a transcript and minute entry of the hearing and re-lodged with this court on or before the 22nd day of February, 1991.
REMANDED.
NOTES
[*] Judge Mary Ann Vial Lemmon of the 29th Judicial District Court is serving as Judge pro tempore by special appointment of the Louisiana Supreme Court to fill the vacancy created by the illness and subsequent death of Judge Steve A. Alford, Jr.