656 So.2d 746 (1995)
STATE of Louisiana
v.
Rickey JAMES.
No. 94-KA-720.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1995.
John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, GRISBAUM and GAUDIN, JJ.
GAUDIN, Judge.
Appellant Rickey James was convicted of three counts of first degree robbery. James was tried by a judge, not a jury, and he now contends that the trial judge erred in neither placing in nor having included in the record proof that he (James) waived a trial by jury.
The record, as it now stands, does not show that James executed a jury waiver; however, James was represented by able counsel[1] at trial and the record does not contain any defense objection because the charges were being tried by a judge not a jury. These were serious felony charges.
Nonetheless, if a defendant is tried and convicted by a judge when clearly entitled to a jury, the record must show that a jury was knowingly and intelligently waived. A legal waiver cannot be presumed, no matter how strong presumption evidence may be. Here, the state argues that James effectively waived a jury at a pretrial proceeding.
This Court has authority under State v. Williams, 404 So.2d 954 (La.1981), and other cases to reverse the convictions and remand for a new trial. This Court also has authority, under State v. Cappel, 525 So.2d 335 (La.App. 1 Cir.1988), writ denied at 531 So.2d 468 (La.1988), and other cases to remand for an evidentiary hearing regarding the jury waiver. Under the present circumstances, wherein James had competent counsel and was tried without objection by a judge, we believe that the interests of justice are better served by a remand instead of reversals.
Accordingly, we remand for an evidentiary hearing to determine whether James knowingly and intelligently waived his right to a jury trial. If the evidence shows that James did not execute such a waiver, the district judge is instructed to set aside the convictions *747 and grant a new trial. If the waiver was properly made, the appeal should be transferred back to this Court for review of this determination and for review of several errors patent concerning the sentences. Also, we note that James was not advised of prescription period for applying for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8.
REMANDED WITH INSTRUCTIONS.
GRISBAUM, Judge, dissenting.
I strongly disagree with the majority's remand of the matter for an evidentiary hearing based on the mere allegation by the State that defendant waived his right to a jury at "some pretrial proceeding." In doing so, the majority relies on a procedure utilized by the First Circuit. See State v. Talley, 572 So.2d 230 (La.App. 1 Cir.1990). However, this Court and the Louisiana Supreme Court has always reversed the defendant's conviction and remanded the case for a new trial where the record is devoid of any evidence showing the defendant waived his constitutional right to a jury. See State v. Miller, 517 So.2d 1113 (La.App. 5 Cir.1987), writ denied, 523 So.2d 1335 (La.1988), and State v. Williams, 404 So.2d 954 (La.1981). Clearly this record is devoid of any evidence indicating defendant waived his right to a trial by jury.
I do not see any logical reasoning for deviating from this Court's long-standing approach, which is also the approach of the Louisiana Supreme Court, to follow the First Circuit approach. Furthermore, there were serious problems in the First Circuit remand to hold a contradictory hearing to determine if there was a proper jury trial waiver. During the hearing, three fundamental errors occurred and the district court was ordered to conduct yet another hearing.
If the State truly believes there was a point during pretrial proceedings where defendant waived his right to trial by jury, I believe the appropriate procedure is for the State to apply for a rehearing and supplement the record with the alleged evidence. We granted such a rehearing in Miller, supra, and allowed the State to supplement the record with transcripts and other court appearances, which the State claimed reflected defendant's waiver of a trial by jury.[1]
For the above reasons, I would reverse defendant's conviction and remand the matter for a new trial.
NOTES
[1] There is no contention that trial counsel was ineffective.
[1] We ultimately found the evidence of a jury waiver was insufficient and we reaffirmed our initial opinion.