717 So.2d 1243 (1998)
STATE of Louisiana
v.
Christopher S. STOLTZ.
No. 98-KA-235.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1998.
*1244 Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Frank Brindisi, Assistant District Attorneys, Gretna, for plaintiff-appellee.
Katherine M. Franks, Staff Appellate Consel, Louisiana Appellate Project, Baton Rouge, for defendant-appellant.
Before CANNELLA and DALEY, JJ., and MURPHY, J. Pro Tem.
ROBERT M. MURPHY, Judge Pro Tem.
The defendant, Christopher S. Stoltz appeals his conviction of possession of cocaine urging two assignments of error. For the following reasons, we conditionally affirm his conviction and remand the matter for further proceedings.
The defendant, along with Julius Smythe, was charged with possession of hydrocodone and possession of cocaine, violations of LSA-R.S. 40:969(C) and LSA-R.S. 40:967(C), respectively.[1] Following a bench trial, the court found the defendant not guilty as to the charge of possession of hydrocodone and guilty as to the charge of possession of cocaine.[2] After the defendant waived sentencing delays, the trial court sentenced him to one year in the parish prison, with credit for time served; however, the court suspended the sentence and placed the defendant on one year of active probation.

FACTS
On the night of May 15, 1997, Officers Michael Brocato and Ronald Smith of the Jefferson Parish Sheriff's Office were patrolling the area of the South I-10 Service Road. While traveling east on the Service Road in their unmarked police unit, Officer Brocato slowed the unit as it passed a parking lot where he had made "numerous narcotics arrests." In the parking lot, the officers then observed a truck parked with its driver's side door partially opened and occupied by two subjects later identified as Smythe and the defendant. Suspecting that a burglary was in progress, Officer Brocato turned off his headlights and drove into the parking lot stopping near the truck. The officers then exited their unit in order to approach the truck.
As they approached the truck, Officer Brocato observed Julius Smythe, who was positioned *1245 in the driver's seat, holding a clear plastic bag containing a green vegetable substance which appeared to be marijuana, and Officer Smith observed the defendant, who was seated on the passenger side, attempting to light what appeared to be a marijuana cigarette. Upon noticing the officers, the defendant placed the cigarette in a wooden box located near the dashboard in the center of the truck while Smythe attempted to conceal the plastic bag by placing it near his thigh.
After removing the defendant and Smythe from the truck, the officers seized the plastic bag Smythe had attempted to conceal and they opened the wooden box to retrieve the cigarette. Inside of the box, the officers found the cigarette along with a clear plastic bag containing a residue of white powder which the officers believed to be cocaine. The box also contained a set of darts. The officers seized the cigarette and the bag of white powder, but they did not remove the box.
The officers also found underneath the driver's seat an unlabeled prescription bottle containing white pills and blue pills and the white pills were identified as "Vicodin." The officers seized both types of pills as well as the bottle.
When questioned, Julius Smythe admitted that the marijuana belonged to him; however, both Smythe and the defendant denied ownership of the wooden box and the cocaine. Additionally, the men said they had played in a darts tournament that evening and were on their way home.
When subsequently analyzed, the green vegetable matter and the cigarette tested positive for marijuana; the powder residue tested positive for cocaine; and the white pills tested positive for hydrocodone.

DISCUSSION
On appeal, the defendant contends that the evidence was insufficient to support his conviction of possession of cocaine and that the record does not contain a waiver of the right to trial by jury. The state asserts that the evidence was sufficient; however, the state concedes that the record does not contain a waiver of the right to trial by jury. In light of the absence of such a waiver, the state requests this court to remand the matter to district court for an evidentiary hearing to determine whether the defendant knowingly and intelligently waived the right to trial by jury.
Regarding the jury trial waiver, we agree that the record does not contain such a waiver; however, before discussing that issue, we must first consider the issue of sufficiency of the evidence. State v. Morris, 615 So.2d 327 (La.1993), on remand, 619 So.2d 184 (La.App. 2 Cir.1993). The Louisiana Supreme Court does not allow the court of appeal to pretermit a Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) review since a defendant who prevails on this issue may be entitled to retrial on a lesser included offense or discharge if the State's evidence was insufficient. State v. Thomas, 95-1646 (La.App. 3 Cir. 5/8/96), 680 So.2d 37.

SUFFICIENCY OF THE EVIDENCE
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, supra, requires that a conviction be based in proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Guccione, supra. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Guccione, supra.
*1246 In order to support a conviction of possession of cocaine, the state must prove that the defendant was in possession of the cocaine and that he knowingly or intentionally possessed it. State v. Lias, 28,091 (La. App. 2 Cir. 5/8/96), 674 So.2d 1044. The element of possession may be by showing either that the defendant exercised actual or constructive possession of the substance. State v. Young, 618 So.2d 1149 (La.App. 2 Cir.1993). For a person to constructively possess a drug, it must be subject to his dominion and control, and he must have knowledge of its existence. State v. Martin, 29,352 (La.App. 2 Cir. 5/13/97), 694 So.2d 1209. Furthermore, guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Riley, 587 So.2d 130 (La.App. 2 Cir.1991).
At trial, Officer Brocata testified to the facts regarding the defendant's arrest. Kenneth LeBlanc also testified and he identified Smythe Exhibit 1, a wallet style case, as Smythe's dart holder. He also identified Stoltz Exhibit 1, a wooden box, as Stoltz's dart case, and he stated that on the night of the defendant's arrest, he saw the defendant carrying his darts in his wooden box.
Additionally, Henry Herbert testified that the defendant used a wooden box to carry his darts whereas Smythe used a pouch.
The defendant argues that the evidence did not establish that the defendant exercised dominion over the box. We disagree.
The testimony regarding the defendant's placement of the cigarette into the box shows that he exercised the requisite dominion and control over the box and its contents. Furthermore, the testimony of LeBlanc and Herbert established that the defendant carried his darts in a wooden box and that Smythe carried his darts in a wallet style case, and therefore it could be reasonably inferred that the defendant owned and controlled the wooden box and was aware of the existence of the cocaine inside the box.
Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that the defendant constructively possessed the cocaine.

WAIVER OF RIGHT TO TRIAL BY JURY
The Louisiana Constitution Article 1 § 17 and Louisiana Code of Criminal Procedure Article 782 provide that a case in which the punishment may be confinement at hard labor shall be tried before a jury composed of six persons. However, those statutes also provide that a defendant may knowingly and intelligently waive his right to trial by jury. See also LSA-C.Cr.P. art 780. Such a waiver is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Jackson, 95-423 (La.App. 5 Cir. 11/15/95), 665 So.2d 467.
Considering that offense of possession of cocaine is punishable by a term of imprisonment with or without hard labor for not more than five years, the defendant was entitled to a trial by a six-person jury. However, the defendant was tried by judge, and the record is devoid of any evidence regarding the defendant's waiver of his right to trial by jury.
In addressing the issue regarding the absence of a jury trial waiver in State v. James, 94-720 (La.App. 5 Cir. 5/30/95), 656 So.2d 746, this court, with one judge dissenting, remanded the case for an evidentiary hearing to determine whether the defendant knowingly and intelligently waived his right to trial by jury. In so remanding, the majority stated, "Under the present circumstances, wherein James [the defendant] had competent counsel and was tried without objection by a judge, we believe that the interests of justice are better served by a remand instead of reversals." State v. James, 94-720, p. 2, 656 So.2d at 746.
Recently, in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963, the Louisiana Supreme Court, citing this court's decision in James, also chose to remand for a similar evidentiary hearing; thus the Louisiana Supreme Court has apparently approved the procedure of remanding for an evidentiary hearing.
Accordingly, we remand the case for an evidentiary hearing to determine whether the defendant knowingly and intelligently waived his right to jury trial. If the evidence *1247 shows that the defendant did not knowingly and intelligently waive his right to a jury trial, the district court must set aside the conviction and sentence and grant him a new trial. However, if the evidence shows that a waiver was properly made, the defendant may appeal that ruling.

ERRORS PATENT REVIEW
In addition to reviewing the assignments of error, we have reviewed the record errors patent and we have found none.

CONCLUSION
The defendant's conviction is conditionally affirmed. The case is remanded for further proceedings in accordance with this opinion.
CONVICTION CONDITIONALLY AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] In charging the defendant with the offense of possession of hydrocodone, the state incorrectly cited LSA-R.S. 40:969(C) as the relevant statute. Considering that hydrocodone is classified as a Schedule II Controlled Dangerous Substance, the applicable statute is LSA-R.S.40:967(C).
[2] The court inversely found Smythe, the co-defendant, not guilty as to the possession of cocaine charge and guilty as to the possession of hydrocodone charge.