11 WOODARD, Judge.
The defendant, Murphy Thomas, drove his truck at night in a suspicious manner on Louisiana Highway 10. The State Police stopped and arrested him for driving while intoxicated, resisting arrest, battery upon a police officer, and improper lane usage. He was charged under three separate bills of information and by affidavit for the improper lane usage. The record is silent as to whether he was offered a trial by jury, as was his right. In a trial by judge alone, the court convicted him on three of the four charges. He was found not guilty of battery upon a police officer. He appealed his conviction, assigning trial court errors. We remand to the trial court to determine if he knowingly waived his right to trial by jury.
FACTS
On the night of September 14, 1995, a State Police officer saw a car on Highway 10, near Interstate 49, driven by the defendant who was moving very slowly and weaving in and out of his lane of travel.' After watching the car for at least a quarter of a mile, the officer pulled the defendant over. The officer arrested him after he failed Rfour field sobriety tests. Once the defendant was handcuffed, he became belligerent and refused to get into the backseat of the police car. He kicked the officer and continued to resist getting into the car. After hitting the defendant with his baton and commanding him to get into the car several times, all to no avail, the officer called for backup. When help arrived, the officers were finally able to get him into the car. The backup officer took the defendant’s passenger home while the defendant was transported to the sheriffs department. There, he refused the in-toxilyzer test and only somewhat cooperated with questioning.
On June 24,1997, he was charged with one count of resisting arrest, a violation of La. R.S. 14:108; one count of battery on a police officer, a violation of La.R.S. 14:34.2; and one count of driving while intoxicated, a vio *92 lation of La.R.S. 14:98. Each offense was charged in a separate bill of information but under the same docket number. He was also charged with improper lane usage on September 14, 1995 by affidavit — the citation issued for such violation — with no docket number. The defendant entered a plea of not guilty to all charges by filing a Waiver of Appearance and Plea on October 10, 1995. The bills of information were filed after he was arraigned and before the trial on the merits.
After the court granted two continuances, at the request of the defendant, a hearing on his motion to suppress and the trial on the merits began on December 4, 1997. Because of the unavailability of both a defense witness and a state witness, the trial was left open until December 23, 1997. Although the defendant requested that the hearing be continued, the trial court denied his request and the taking of evidence on both the motion and the trial was closed that date. After hearing all the evidence, the trial court denied the motion to suppress and found the defendant guilty of driving while intoxicated, improper lane usage, and resisting arrest. The trial court also found the defendant not guilty of battery on a police officer and sentenced him as follows:
So the Court is going to find the defendant not guilty on the charge of battery on a police officer and find the defendant guilty on the other three charges; that is, DWI, improper lane usage, and resisting arrest. In connection therewith, the Court is going to sentence the defendant as follows. On the charge of DWI first offense prior to the 1997 amendments to the statute, the Court is going to fine the defendant $150.00 plus cost of court or fifteen days in jail. The Court is going to sentence the defendant to thirty days in the parish jail, suspended. I place the defendant on one year active supervised probation under the general applicable conditions of Article 895 of the Code of Criminal Procedure Rwith the following specific conditions: That he perform four eight-hour days of court approved community service, one-half of which shall consist of litter abatement and collection according to law; that he shall enroll in and complete a court approved driver improvement program; that he shall enroll in and complete a court approved substance abuse program; that he shall pay $20.00 a month supervision fee to the probation supervising agency during active, supervised probation. Mr. Thomas, upon completion of the special conditions of your probation and the payment of the fine, fees, cost of court, and other related expenses, your active supervised probation shall automatically revert to unsupervised probation, which means, once this is taken care of, you do your community service, you do your driver improvement program, you take care of this substance abuse evaluation, pay your fine and fees and related expenses, then the supervision will — the probation will automatically revert to unsupervised probation so that you will not have to pay $20.00 a month as supervision fee.
On the charge of improper lane usage, the Court is going to fine the defendant $50.00 plus cost of court. The cost is to run concurrent with the first charge of DWI. On the final finding of guilty dealing with resisting arrest, the Court is going to fine the defendant $100.00 plus cost of court, and those cost are to run concurrent, which means that you will pay one cost of court and that cost is part of the DWI. You will be fined $150.00 for the DWI plus cost of court, $50.00 on the fine plus cost of court on the improper lane usage, and $100.00 fine plus cost of court on the resisting arrest, and those cost are to run — cost only — are to run concurrent. There being nothing further, this matter is concluded. Thank you, gentlemen.
The defendant now appeals his conviction, alleging seven assignments of error.
ASSIGNMENTS OF ERROR
The defendant claims that the trial court erred in:
1. Denying defendant’s Motion to Continue Trial.
2. Denying defendant’s Motion to Suppress.
*93 3. Allowing the field sobriety test as evidence to form a no probable cause stop.
4. Using the testimony of Rodney Doomes concerning the arrest of defendant on September 14, 1995 to render a conviction of defendant.
|45. Allowing evidence to be introduced provided to the State by opposing counsel in a civil lawsuit.
6. Denying a post-trial Motion and Order For Note of Evidence to be ReOpened to Submit Deposition Transcript of Gwen Jones.
7. Convicting defendant on the charges of improper lane use, DWI, and resisting arrest.
LAW
ERRORS Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent.
La.Code Crim.P. art. 779 provides for a jury trial for misdemeanor offenses for which the defendant may be fined more than $1,000.00 or imprisoned for more than six months. Here, the defendant was charged with four misdemeanors, three of which were charged in three separate bills of information and one of which was charged by the filing' of the citation issued for the offense. The charges of resisting arrest, battery on a police officer, and driving while intoxicated were charged by three separate bills of information, carrying the same docket number, 95-DWI-3431-A. These bills were also filed simultaneously. However, the improper lane usage offense was charged by affidavit—the citation issued for that offense—with no docket number.
The defendant was charged with driving while intoxicated, which could be a felony if it was the defendant’s third offense, and battery on a police officer, which could also be a felony if certain provisions were met. The bill of information charging the defendant with driving while intoxicated does not designate how many prior offenses, if any, the defendant has, and the bill of information for battery on a police officer does not specifically charge the defendant under one of its felony provisions. Additionally, the trial court sentenced the defendant as a first offender under the driving while intoxicated statute. He was found not guilty of battery on a police officer. For these reasons, we have treated these two offenses as misdemeanors. He pled not guilty to all offenses by filing one “Waiver of Appearance and Plea” under one docket number, 95-3431-A. All offenses were tried together, also under the same docket number. The minute entries indicate that at all pertinent times before trial, the Roffenses were treated as though they were filed in one bill of information, but technically they were not so charged.
Although the possible penalty for each individual offense does not exceed six months imprisonment or a fine of $1,000.00, the aggregate penalty of the four offenses does. When misdemeanor offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of $1,000.00, the defendant is entitled to a jury trial. State v. Hornung, 620 So.2d 816 (La.1993). The defendant’s right to a jury trial remains in effect even if the offenses are consolidated for trial. Id.
Since the defendant was charged by four separate charging instruments, his penalty exposure exceeded six months confinement. Upon a finding that he was guilty of two or more misdemeanors, the state could have argued for a sentence in excess of six months confinement. Thus, he had a right to be tried by a jury.
“Article 1, § 17 of the Louisiana Constitution provides that crimes punishable by imprisonment in excess of six months must be tried by a jury, except when, in noncapital eases, the defendant knowingly and intelligently waives his right to a jury trial. See also La.Code Crim.P. arts. 780 and 782. ‘A knowing and intelligent waiver ... will not be presumed from a silent record.’ ” State v. Clark, 97-1064 (La.App. 3 Cir. 4/1/98); 711 *94 So.2d 738, 742. The record does not contain a waiver of this right.
In State v. Clark, 711 So.2d 738, which is factually similar to the instant case, this court remanded the case for an evidentiary hearing to determine whether the defendant had executed a knowing and intelligent waiver of his right to a jury trial. The court stated:
In State v. Talley, 572 So.2d 230 (La.App. 1 Cir.1990), the appellate court found as patent error the absence in the record of the defendant’s waiver of his right to trial by jury on a negligent homicide charge. After the district court clerk responded to an information request that it had no record of such waiver, the appellate court remanded the case for an evidentiary hearing to determine whether the defendant executed a knowing and intelligent waiver. See also State v. James, 94-720 (La.App. 5 Cir. 5/30/95); 656 So.2d 746, in which the majority chose to remand for a similar evidentiary hearing. The court stated, “Under the present circumstances, wherein [the defendant] had competent counsel and was tried without objection by a judge, we believe that the interests of justice are better served by a remand instead of reversals.” Id. at p. 2; 656 So.2d at 746. The Louisiana Supreme Court has apparently | (¡approved this procedure. See State v. Nanlal, 97-0786 (La.9/26/97); 701 So.2d 963.
We recognize that the supreme court has questioned whether an appellate court should raise this issue as a patent error where the defendant has neither assigned nor briefed it. [State v.] Morris, 615 So.2d 327 [(La.1993)]. However, we find the procedure adopted by the first and fifth circuits and approved by the supreme court to be a prudent safeguard of this fundamental right. We, therefore, choose to employ it in the instant case.
Decree
For the above reasons, we remand this case with instructions that the trial court (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.
Id. at 742.
This court finds that because the defendant was charged by four separate charging instruments that were not joined in accordance with La.Code Crim.P. art. 493 which would entitle him to the reduced sentencing exposure of Article 493.1, he was exposed to a penalty in excess of six months imprisonment. Thus, he was entitled to a jury trial which he did not receive nor is there a waiver of this right in the record. Accordingly, this case shall be remanded to the trial court to determine whether he waived this right.
Assignments of ERROR
Because of our decision to remand, we pretermit discussion of his assignments of error.
CONCLUSION
The record of these proceedings is silent as to whether or not the defendant waived his right to a trial by jury. We remand this case with instructions that the trial court conduct an evidentiary hearing within thirty days of the rendition of this opinion to determine whether he knowingly and intelligently waived his right to trial by jury |7and to then re-lodge the appellate record, supplementing a transcript of the hearing within fifteen days of the hearing. The state and the defendant will be given the opportunity to file supplemental briefs should either party wish to raise any additional issues that arise from the hearing.
REMANDED WITH INSTRUCTIONS.