NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 18-913

STATE OF LOUISIANA

VERSUS

EL JERICO BARTIE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 26425-14
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion
and John E. Conery, Judges.

CONVICTIONS AND SENTENCES CONDITIONALLY AFFIRMED;
REMANDED; MOTION TO WITHDRAW GRANTED.

**John Foster DeRosier**
**District Attorney**
**Shelley A. DeVille**
**Assistant District Attorney**
**Fourteenth Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana  70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**El Jerico Bartie**

**CONERY, Judge.**

Following a bench trial, Defendant was convicted of eight counts of attempted first degree murder stemming from an armed confrontation with officers serving an arrest warrant. Following habitual offender proceedings, Defendant was sentenced to eight concurrent sentences of fifty years at hard labor to be served without benefit of parole, probation, or suspension of sentence. Although Defendant appealed, appellate counsel filed a motion to withdraw with this court, citing two potential errors patent and thereafter alleging no additional non-frivolous issues exist on which to base an appeal. On review, we conditionally affirm Defendant's convictions and sentences and remand for an evidentiary hearing. We additionally grant appellate counsel's motion to withdraw.

### FACTS AND PROCEDURAL HISTORY

On July 24, 2014, Defendant, El Jerico Bartie, and his wife were in a hotel room in Sulphur, Louisiana when, acting on a tip as to Defendant's location, SWAT team members of local law enforcement attempted to serve an arrest warrant on him at the hotel. Testimony indicated that the warrant was related to an earlier drive-by shooting. During a standoff, lasting approximately thirty minutes, Defendant fired multiple times through the door and out the back window of the room at eight officers. Defendant ultimately surrendered and was arrested. Upon entering the hotel room, officers discovered Defendant's wife in the bathtub of the room with a gunshot to her leg inflicted by Defendant.

A grand jury indicted Defendant on October 16, 2014, on the charges of assault by drive-by shooting, a violation of La.R.S. 14:37.1; attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1; and attempted first degree murder of seven individuals, a violation of La.R.S. 14:27 and 14:30. The State

filed an amended bill of information on February 16, 2018, charging Defendant with assault by drive-by shooting, attempted second degree murder, and eight counts of attempted first degree murder. The State amended the bill of information again on February 22, 2018, reiterating the same charges but alleging that the eight counts of attempted first degree murder were committed with the specific intent to kill more than one person.

On February 11, 2015, Defendant, through appointed counsel, filed a motion to waive his right to a jury trial. The trial court granted that motion on the same day. At the commencement of the resulting bench trial, the State indicated its intention to initially try eight counts of attempted first degree murder. It severed the remaining counts.

Following a multi-day trial, the trial court found Defendant guilty as charged on all eight counts and thereafter sentenced Defendant to the maximum of fifty years at hard labor on each of the eight counts. The sentences were ordered to run concurrently and with credit for time served on each of the eight counts. The State then filed a habitual offender bill of information at that time seeking to enhance Defendant's conviction on the eighth count of attempted first degree murder. At the resulting hearing, the trial court found Defendant to be "at least a fourth felony offender" and vacated the previously-imposed sentence of fifty years on the eighth count of attempted first degree murder. The trial court then re-sentenced Defendant to the mandatory minimum sentence of fifty years at hard labor, without benefit of parole, probation, or suspension of sentence, and with credit for time served on that count. That sentence was ordered to run concurrently with the previously imposed sentences on the seven counts of attempted first degree murder.

Defendant appealed. Following the lodging of the record in this court, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging two errors patent, asserting no additional non-frivolous issues exist on which to base an appeal, and seeking to withdraw as Defendant's counsel.

## LAW AND DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we find that one error patent requires remand for an evidentiary hearing.

<u>Validity of Waiver of Right to Jury Trial</u>

As indicated in appellate counsel's *Anders* brief, Defendant's trial counsel filed a Motion and Order to Waive Jury Trial that was granted by the trial court. Although the motion was signed by Defendant's attorney, the motion was not signed by Defendant. Louisiana Code of Criminal Procedure Article 780, however, provides that a motion for waiver of trial by jury "shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right of counsel." As observed by appellate counsel, the written motion includes no indication that Defendant's attorney discussed the waiver with Defendant. Neither is there indication by minute entry that the trial court addressed the waiver with Defendant in open court.[1] Given those factors, as well

---

[1] This Court forwarded an information request to the district court clerk of court requesting any minute entry concerning a discussion of Defendant's waiver of jury trial or any motion to waive jury trial other than the written motion filed on February 11, 2015. This Court subsequently received an affidavit from the Deputy Clerk of Court of the district court explaining that, after the filing of the motion to waive jury trial, "a bench trial was fixed for March 5, 2018. As of this day, no motion or minute entry can be found in the record stating the change." The affidavit provides no further details regarding the waiver issue.

as the record's silence as a whole as to Defendant's waiver, we find that a remand for evidentiary hearing on the jury waiver issue is required. *See, e.g.*, *State v. Cooley*, 15-40 (La.App. 3 Cir. 6/3/15), 165 So.3d 1237, *appeal after remand*, 15-916 (La.App. 3 Cir. 4/27/16) (unpublished opinion),[2] *writ denied*, 16-1024 (La. 9/15/17), 225 So.3d 482.

The State objects to the consideration of the jury waiver issue on appeal as there was no objection lodged in the trial court. However, this court has routinely recognized the adequacy of a defendant's waiver of a jury trial as an error patent. In *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, *writ granted and case remanded in light of supplemental filing*, 98-1180 (La. 9/25/98), 726 So.2d 2, the panel concluded that remanding the case for an evidentiary hearing to determine whether the defendant executed a knowing and intelligent waiver was "a prudent safeguard of this fundamental right." *Id.* at 742 (citing *State v. James*, 94-720 (La.App. 5 Cir. 5/30/95), 656 So.2d 746 and *State v. Talley*, 572 So.2d 230 (La.App. 1 Cir. 1990). *See also Cooley*, 165 So.3d 1237; *State v. A.D.L.*, 10-1218 (La.App. 3 Cir. 5/11/11), 64 So.3d 448; *See also State v. Fuslier,* 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866; *State v. Morris*, 607 So.2d 1000 (La.App. 3 Cir. 1992), *judgment set aside on other grounds*, 615 So.2d 327 (La.1993).

Alternatively, the State contends that the record shows Defendant knowingly and intelligently waived his right to jury trial. It references the sanity commission report of one of the examining doctors and argues that it shows Defendant knew he had the right to choose between a judge or a jury and understood the function of each. Importantly, however, the sanity evaluation occurred on July 5, 2017,

---

[2] This case is cited at 2016 WL 1688460.

whereas defense counsel's written motion to waive jury trial was filed more than two years earlier, on February 11, 2015.

Additionally, the sanity commission report passage relied upon by the State does not show Defendant knowingly and intelligently waived his right to jury trial. In *State v. Bazile*, 12-2243, p. 19 (La. 5/7/13), 144 So.3d 719, 734, the supreme court explained that: "[A] criminal defendant's waiver of his right to trial by jury is knowing and intelligent when he demonstrates his understanding that he will proceed to trial before a judge upon that waiver." In this regard, a passage in the sanity commission report referenced by the State indicates that, when asked if he knew he had the right to choose between a judge trial and a jury trial, Defendant initially responded, "I didn't know that." Again, that response occurred two years after the written waiver was filed. Moreover, as appellate counsel notes by reply brief, the notations made by the examining doctor suggest that Defendant believed a jury trial would be more favorable for someone facing a "major" case, and Defendant had previously described the charges against him as major.

While we reject the State's argument, we recognize that, in *State v. Duhon*, 18-593 (La. App. 1 Cir. 12/28/18), ___ So.3d ___,[3] the first circuit determined that a defendant knowingly and intelligently waived his right to jury trial without remanding for an evidentiary hearing. It did so even though the written waiver was not signed by the defendant, and the record contained no colloquy between the defendant and the trial court regarding the waiver. *Duhon*, ___ So.3d ___. The written waiver of jury trial filed in *Duhon*, however, indicated:

> Edward Jones, attorney for Armond Duhon, Defendant in the above captioned case, *upon consideration and consultation together*, waives Armond Duhon [sic] right to a trial by jury in this case.

---

[3]This case is cited at 2018 WL 6839533.

*Defendant, Armond Duhon, further states that he fully understands his right to a trial by jury and thus waives right knowingly, voluntarily, and intelligently.*

*Id.* at _ (emphasis added). The purported waiver in this case includes no language indicating that defense counsel consulted with Defendant. Neither does it indicate Defendant understood his right to a trial by jury or that he waived that right knowingly and intelligently.

Further, the first circuit found Duhon's failure to sign the waiver was harmless under the circumstances. Significantly, the first circuit explained that "prior to the filing of the motion to waive trial by jury, at the re-arraignment on the third amended bill of information the defendant's right to a trial by jury was stated in his presence." The defendant neither objected to the bench trial nor raised the issue of the waiver until he filed a motion for new trial. Upon the filing of that motion, "the defendant was afforded a hearing wherein he declined to raise the issue and did not contest statements by the prosecutor and trial court indicating that there was a knowing and intelligent waiver." The first circuit noted that the matter was not the defendant's first criminal offense. He thus had prior experience as an accused in a criminal prosecution. Given those factors, the first circuit explained that the record as a whole contained adequate evidence of a valid waiver of trial by jury. *Id.*

The circumstances of *Duhon* are not present in this case as the written waiver of jury trial filed in the present case did not contain the same language contained in the written waiver filed in *Duhon* and the motion was not set for a hearing as was the written motion in that case. Further, in *Duhon*, the minute entry of the hearing date indicated the trial court and the defense attorney "concurred

6

that the matter had been taken care of[.]" *Id.* at _. No such minute entry exists in the present case. Moreover, Defendant did not challenge the waiver of jury trial in the trial court, whereas Duhon raised the jury trial waiver issue by motion for new trial. *Id.*

Given the record's silence as to the validity of the waiver and the presentation of that issue to the trial court by written motion of defense counsel outside of Defendant's presence, we conclude that this matter must be remanded for an evidentiary hearing as to whether Defendant knowingly and intelligently waived his right to jury trial. We do so by decree below.

Arraignment

Finally, we note that appellate counsel's *Anders* brief references another error patent as Defendant appears not to have been arraigned on two amended bills of information. Notwithstanding appellate counsel's observation, however, La.Code Crim.P. art. 555 clearly provides:

> Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.

As Defendant proceeded to trial without objecting to the lack of arraignment on the amended charges, the failure to arraign was waived, and Defendant's plea was considered a not guilty plea.

Finding no further errors patent requiring correction, we turn to consideration of the Motion to Withdraw.

*Motion to Withdraw*

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating she could find no errors on appeal supporting reversal of Defendant's convictions or sentences other than the alleged errors patent. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)).

By her brief, appellate counsel recites the facts found in the record, noting Defendant was not arraigned on the amended bill of information. Counsel also

contends Defendant's waiver of his jury trial was inadequate. We discussed both points above in the review for errors patent.

Counsel further explains that Defendant's trial counsel's objections do not warrant review. The record supports that observation. Although Defendant's counsel objected to the introduction of Exhibit S-11 to the extent it was offered as "a specific, authentic diagram[,]" of the crime scene, counsel explained that she did not object if it was offered as a "general representation" of the scene. After the State confirmed the exhibit was offered as a general representation, the trial court overruled the objection and allowed the evidence into the record. No further objection was made to that ruling.

Similarly, although Defendant's counsel objected to questions asked by the State on two occasions, counsel did not further object after the questions were rephrased. Defendant's counsel also objected on grounds of speculation when the State's counsel asked a witness about something Defendant may have anticipated. Although the trial court overruled the objection, the witness had already responded there was "[n]o way to know." As the response supported the objection, any error by the trial court in overruling the objection was of no consequence.

Counsel's brief also discusses the sufficiency of the evidence against Defendant and the nature and length of Defendant's sentences. The State proved all the essential elements of attempted first degree murder and armed robbery. The trial court imposed the maximum sentences of fifty years at hard labor on each of eight counts of attempted first degree murder and denied Defendant's motion to reconsider his sentences, filed prior to his adjudication as a multiple offender. Counsel correctly notes Defendant received the minimum sentence for a fourth or

9

subsequent felony offender, and all the sentences were ordered to run concurrently. Thus, no non-frivolous issues regarding Defendant's sentences exist for appeal.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and has confirmed the statements by counsel. Defendant was properly charged in his bill of information, except as discussed above, and he was present and represented by counsel at all crucial stages of the proceedings. The State proved all the essential elements of the crimes. The jury composition and verdict were correct, Defendant's sentences comply with the statutory sentencing range, and review of the transcripts in the record reveals no non-frivolous legal issues for appeal.

Defendant asked the trial court to appoint a sanity commission to determine whether he lacked the mental competency to assist in his defense. The record indicates that the trial court appointed Dr. Patrick Hayes and Dr. James Anderson to evaluate Defendant. At a subsequent hearing, both doctors indicated they believed Defendant fulfilled the criteria for competency to stand trial and was able to proceed, and the trial court agreed. Defendant did not object to that determination.

Reviewing Defendant's testimony at trial, the transcript reflects that the trial court advised Defendant of his constitutional right against self-incrimination and right to avoid cross-examination. The trial court established Defendant's level of education, his ability to read and write the English language, and his understanding of what had taken place thus far at the trial.

In sum, review of the record reveals no non-frivolous issues that Defendant could raise on appeal other than the errors patent discussed above. Accordingly, the counsel's motion to withdraw is granted below.

## CONCLUSION

Defendant's convictions and sentences are conditionally affirmed. The trial court shall conduct an evidentiary hearing within thirty days of the date of this opinion to determine whether Defendant knowingly and intelligently waived his right to trial by jury. The trial court is further ordered to prepare and lodge an appellate record with this court that contains the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once that record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issue arising from the hearing. Appellate counsel's Motion to Withdraw as Attorney of Record is granted. The trial court is instructed to re-appoint trial counsel for the hearing on remand.

**CONVICTIONS AND SENTENCES CONDITIONALLY AFFIRMED; REMANDED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.

11