JjPITCHER, Judge.
The defendant, Kevin M. Lusco, and two codefendants, Kevin J. Bonvillain and Kenneth Bryan Haydel, were charged by bill of information with possession of cocaine, in violation of LSA-R.S. 40:967c.[1] The defendant pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a second felony habitual offender. He received a sentence of thirty months at hard labor, with credit for time served. The defendant has appealed,[2] alleging twelve assignments of error, as follows:
1.
The trial court erred in allowing the State to move the trial date forward from October, 1993 to August 3, 1993.
2.
The trial court erred in allowing the prosecutor to elicit narrative testimony from a State witness rather than using a question and answer format.
3.
The trial court erred in allowing a State witness to testify that the police were using a reverse sting operation which was in direct opposition to the prosecutor’s opening statement.
4.
The trial court erred in allowing State Exhibit 7 (the Scientific Analysis Report) to be introduced into evidence since the defendant’s name did not appear thereon.
5.
“The Trial Court erred in allowing testimony that the $10.00 came from the console where Kevin placed it. It was Haydel’s brother’s money. It was dark and the officer could not see in the van.”
6.
The trial court erred in denying the defendant’s motion to dismiss on the basis that the defendant was never identified as the perpetrator.
Js7-
The trial court erred in denying the defendant’s motion for a mistrial when the prosecutor, during rebuttal closing argument, referred to the absence of Kevin Bonvil-lain.
8.
“The Trial Court erred in that there is no definition of the word ‘possession’ in (sic) Code of Civil Procedure or Criminal Code. The law must be strictly construed in favor of the defendant and without that definition the charge of being a principal must fah.”
9.
The verdict is contrary to the law and evidence.
10.
The trial court erred in denying the defendant’s motion for a new trial.
11.
The trial court erred in denying the defendant’s motion for post-verdict judgment of acquittal.
12.
The trial court erred in imposing an excessive sentence.

*647
FACTS

In April of 1992, Craig Stewart was employed by the Terrebonne Parish Sheriffs Office and assigned to the Terrebonne Parish Narcotics Strike Force (TPNSF). During the early morning hours of April 4, 1992, Agent Stewart was posing as a drug dealer at the intersection of East and Payne Streets in Houma, Louisiana. At approximately 1:50 A.M., he sold cocaine to three white males in a van who were later identified as the defendant, Kenneth Bryan Haydel, and Kevin J. Bonvillain. Agent Stewart was standing on the street corner when the driver of the van, Haydel, indicated that he needed to purchase a “twenty.” Agent Stewart approached the van and gave Haydel a twenty dollar piece of cocaine. After receiving approximately $15.00, Agent Stewart signaled to other law enforcement officers that the transaction had been completed, whereupon numerous officers immediately converged upon the van and arrested Haydel and Bonvillain. Although the defendant exited the van and fled as the officers approached, he was apprehended and returned to the scene within minutes.
I ¿At the trial, Agent Stewart testified that after Haydel gave him some money, he observed Haydel turn and get more money from the defendant, who was in the front passenger seat, and from Bonvillain, who was sitting in the backseat. Agent Stewart testified that he spoke only to Haydel. However, Bonvillain informed him in an angry tone: “Hey, man, I don’t want any bullshit. I want to make sure that it’s real.” Although the defendant did not speak to Agent Stewart, when Haydel tasted a piece of cocaine in order to sample it, the defendant asked Hay-del: “Is it good? Is it good?”
TPNSF Agent Steve Basco testified that he was in charge of conducting surveillance through the use of videotape and body wires in order to monitor drug transactions and for evidentiary purposes. Although the battery for his video equipment had failed at the time of the instant drug transaction, he was able to obtain a videotape of this transaction (State Exhibit 5) from a Houma television crew.
The defendant did not testify at the trial. His father, Ignatius Lusco, testified that on the evening of April 3-4, 1992, he was at home drinking beer with his oldest son, Clint, and the defendant when Bryan Haydel came by and said: “Let’s go get some beer.” According to the defendant’s father, although the defendant left to go get some beer with Haydel, the defendant did not have any money. The defendant’s father also testified that Kevin Bonvillain was not at the house with them that evening.
Bryan Haydel testified that he picked up the defendant and Kevin Bonvillain at the home of the defendant’s father. He testified that they were going to Delchamp’s to get some beer and that he was going to pay for the beer with $10.00 that his brother, Greg Haydel, owed him. However, instead of going to get beer, he stopped and bought some crack cocaine. Bryan Haydel stated that the money he used to pay for the cocaine came from the console of the van. He explained that his brother, Greg, had given this money to the defendant for the purpose of paying back the debt Greg owed to Bryan. According to Bryan Haydel, the defendant had placed this money on the console of the van. Haydel testified that, during the Rdrug transaction, neither Bonvillain nor the defendant talked with him or with Agent Stewart. In fact, he indicated that Bonvillain was “passed out” in the backseat. Haydel stated that the defendant and Bonvillain had no idea that he was going to buy cocaine and that they believed they were going to get some beer. According to Haydel, the defendant did not have any money on him. Haydel also testified that he believed Bonvillain did not have any money that night.

ASSIGNMENT OF ERROR NUMBER ONE

In this assignment of error, the defendant contends that the trial court erred in allowing the State to move the trial date forward from October, 1993 to August 3, 1993.
The record reveals that the trial date was initially set for October 11, 1993. However, the trial date was moved by a prosecutor to August 2, 1993, and defense counsel was not notified of this change until the Thursday or *648 Friday before this new trial date. Immediately before jury selection, defense counsel raised the issue of his inability to subpoena two witnesses because of the change in the trial date. The prosecutor stated that he had served one of these witnesses, Kenneth Hay-del, who was present. The prosecutor further stated that his office had attempted to serve the second witness, Kevin Bonvillain, but was informed by his family that he was not at home, and his whereabouts were unknown. Defense counsel argued that there had not been enough time to locate Mr. Bonvillain in order to have him appear as a witness. Defense counsel explained that Mr. Bonvillain had been badly burned and that he was traveling back and forth between his home and a hospital in Baton Rouge. However, when the prosecutor stated that there was no guarantee that Mr. Bonvillain would be present to testify at a trial moved to a later date, defense counsel disagreed and stated that Mr. Bonvillain had told him approximately one month earlier that he would be present to testify at the October trial date. The trial court stated as follows:
After a bench conference the Court has decided it would be in the best interest of justice in this matter to proceed forward. The defendant is certainly not left without eyewitnesses to the transaction, if any there Rwas, or whatever, this possession charge. Mr. Haydel is here to testify under subpoena, and has reported to this Court.
What can be added by this missing witness? I understand Mr. Blaize’s [defense counsel] problem is that he did not have time to secure the services for this particular date. However, I don’t think it’s that detrimental in this Court’s mind. If he was a party charged, certainly he has the right to stand on his constitutional rights of not incriminating himself, which may in fact take place at the time he may testify. So I think that there are adequate witnesses, since there [are] three people involved in this action. One of them is here, as well as the defendant. I think we can proceed.
Defense counsel objected to the trial court’s ruling.
LSA-C.Cr.P. art. 702 provides as follows:
Cases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant.
Courts shall adopt rules governing the procedure for setting eases for trial and giving notice thereof. The defendant shall be given notice of trial sufficiently in advance thereof so that he may summon his witnesses.
The record in this case clearly shows that defendant was not given sufficient advance notice of his new trial date, and this lack of notice prevented defendant from attempting to subpoena his witnesses. The trial court’s decision to proceed with this trial was a clear abuse of discretion that resulted in prejudice to defendant’s fundamental right to present a defense. See State v. Harper, 93-2682 (La. 11/30/94), p. 8-9, 646 So.2d 338, 343. Therefore, we must reverse defendant’s conviction and sentence and remand the case to the trial court for a new trial.

ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, TEN, AND ELEVEN

Because of the resolution of the issue presented in Assignment of Error Number One, we pretermit a discussion of the issues presented in the remaining assignments of error.
CONVICTION REVERSED; REMANDED FOR NEW TRIAL.

. The record reflects that Haydel pled guilty as charged; and, at the time of the instant trial, the charge against Bonvillain still was pending. They are not parties to the instant appeal.

. The defendant has separately appealed his habitual offender adjudication and sentence. See State v. Lusco, 94 1197 (La.App. 1st Cir. 6/23/95), 657 So.2d 645, also decided this date. Accordingly, assignment of error number twelve, which relates only to the sentence, is considered therein.