[l]JiWRIT GRANTED AND MADE PEREMPTORY: The defendant received notice to appear in court for arraignment on August 30, 1996, but when the defendant appeared with counsel for arraignment, the trial judge set the matter for trial immediate *1191 ly. The defendant and his counsel objected that they had no notice that trial would be that day and they were unable to subpoena several out-of-town witnesses and documentary evidence, nor prepare and present a defense as guaranteed by La. Const, art. I, § 16, and La.Code Crim.P. art. 702. The trial court’s decision to proceed with this trial, instanter, was a clear abuse of discretion that resulted in prejudice to defendant’s fundamental right to present a defense. State v. Harper, 93-2682 (La.11/30/94); 646 So.2d 338; State v. Lusco, 94-1197 (La.App. 1 Cir. 6/23/95); 657 So.2d 645.
The Louisiana Supreme Court has held that when issues are raised on review both as to the sufficiency of the evidence and as to another trial error that results in reversible error, the reviewing court should determine the sufficiency of the evidence because based upon the evidence presented the accused may be entitled to an acquittal or retrial on a lesser included offense. State v. Hearold, 603 So.2d 731 (La.1992); see also, State v. Morris, 615 So.2d 327 (La.1993), and State v. Thomas, 95-1646 (La.App. 3 Cir. 5/8/96), 680 So.2d 37. After viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of criminal neglect of family proven beyond a reasonable doubt. The state simply proved that the defendant’s minor children are receiving AFDC benefits, but there was no evidence as to the destitute or necessitous circumstances of the children. The defendant established that:- he did not know his children were on welfare; he provides the children with clothes, shoes, school supplies, presents, and supports them while they are with him; and, the joint custody decree did not order either parent to pay child support.
Further, defendant attempted to offer some proof through his own testimony that he had a disability which prevented him from seeking employment. This attempt to defend himself was blunted by the trial court’s disregard of the accused’s constitutional right to present a defense by calling witnesses on his own behalf.
b Accordingly, we vacate and set aside the defendant’s conviction and sentence and remand the case to the trial court and order the trial court to enter an acquittal on the record. Having reversed the defendant’s conviction, the remaining issues are rendered moot.