767 So.2d 30 (2000)
In re Judge Preston AUCOIN.
No. 99-O-3084.
Supreme Court of Louisiana.
August 31, 2000.
Nancy E. Rix, Commission Legal Counsel, Hugh M. Collins PhD., Chief Executive Officer, Judiciary Commission of Louisiana.
Steven Robert Scheckman, Mary Frances Whitney, Office of Special Counsel.
Robert R. McBride, Lafayette, Counsel for Respondent.

ON RECOMMENDATION FOR DISCIPLINE FROM THE JUDICIARY COMMISSION OF LOUISIANA
LEMMON, Justice.[*]
This judicial discipline matter comes before the court on the recommendation of the Judiciary Commission of Louisiana that the respondent judge be publicly censured. The three charges, which the Commission *31 found were proved by clear and convincing evidence, related to respondent's practice of requiring defendants in criminal non-support cases to proceed to an "instanter trial" immediately after arraignment, without affording them notice of trial or opportunity to prepare for the unscheduled trial.

Facts
Respondent was elected to a district judgeship in Evangeline Parish in October 1990 and was reelected in November 1996. He was a practicing attorney for more than thirty years before assuming judicial office.
On August 30, 1996, Kirk Menard and his attorney appeared before respondent for arraignment on a charge of criminal neglect of family in violation of La.Rev. Stat. 14:74. Immediately after Menard entered a plea of not guilty, respondent ordered Menard to proceed to trial on the criminal neglect charges, even though Menard had not been notified that he would be required to prepare for trial that day and to call witnesses or to present other evidence. Menard's attorney objected on the basis that he intended to present medical evidence to establish Menard's inability to earn income for payment of child support and had not been afforded the opportunity to subpoena the necessary medical witnesses. Respondent overruled the objection.
At the conclusion of the trial, respondent found Menard guilty, sentenced him to six months in prison, suspended the sentence conditioned on completion of five years of probation, and ordered Menard to pay child support of $585.00 per month and to provide medical insurance for his minor children.[1]
The court of appeal, on Menard's application for supervisory writs, issued an opinion peremptorily reversing the conviction and holding that respondent's "decision to proceed with this case, instanter, was a clear abuse of discretion that resulted in prejudice to defendant's fundamental right to present a defense."[2]State v. Menard, 96-1352 (La.App. 3d Cir.10/25/96), 688 So.2d 1190, 1191. The court of appeal further ordered a judgment of acquittal, determining that the evidence was insufficient to support the conviction.
Respondent thereafter continued to use the "instanter trial" procedure in criminal neglect of family cases in which the defendant pleaded not guilty, but adjusted the procedure by inquiring first of each defendant whether the party intended to call any witnesses or to present any evidence. According to respondent, he did this in order to avoid the error he committed in the Menard case of forcing immediately to trial a defendant who desired to call witnesses or present evidence in his or her defense. Respondent's continued use of the "instanter trial" procedure in seventeen additional criminal neglect cases after the Menard decision forms the basis of the principal charge of the three disciplinary charges against him.

No. 0096
This charge alleged that respondent, in the Menard case and in seventeen subsequent criminal neglect of family cases,[3] "engaged in a pattern and practice of egregious legal error" by ordering an "instanter trial" immediately after the defendants *32 pleaded not guilty at arraignment and did nothing to waive their rights. At the hearing before the Commission, respondent stated that he thought the Menard ruling was peculiar to that case, in which there was a specific request for time to subpoena witnesses and an objection to the denial of the request. He thought that his error was denying the request for presentation of evidence and that he had complied with the Menard ruling thereafter by inquiring, after each plea of not guilty, whether the defendant had any documentation, medical reports or witnesses he wanted to present in his defense. If a defendant had said yes, respondent would have granted the time necessary to obtain the evidence, but none of the seventeen subsequent defendants responded affirmatively to his questions.
Respondent further explained that he used the same "instanter trial" procedure that other judges in Evangeline Parish had previously employed for many years. He conceded, however, that he might have been overzealous about clearing his docket and providing support for the defendants' needy children.[4]
In its conclusions of law, the Commission, citing In re Quirk, 97-1143, p. 8 (La.12/12/97), 705 So.2d 172, 178, first observed that legal error may constitute judicial misconduct if it is either egregious legal error, legal error motivated by bad faith, or a pattern of repeated legal error. Quoting Jeffrey Shaman et al., Judicial Conduct and Ethics § 2.02 (2d ed.1995), the Commission further observed that "[l]egal error is egregious when fundamental rights are denied, such as where a defendant's constitutional right to present a defense to criminal charges is denied." The Commission concluded that respondent engaged in judicial misconduct by utilizing a procedure that ignored basic principles of due process and then disregarding the appellate court's ruling in Menard that the procedure prejudiced the defendant's right to present a defense. Noting that this conduct violated Code of Judicial Conduct Canons 2 A and 3 A(1) and La. Const. art. V, § 25(C),[5] the Commission recommended a public censure.
*33 We agree that respondent failed to comply with the law and disregarded the right of the accused to present a defense, as well as the basic tenets of due process, in certain criminal neglect of family proceedings. Zealousness in providing support to destitute children and blind adherence to long-standing use of improper procedures do not justify subverting basic due process. Accordingly, we agree that the misconduct constituted egregious legal error and that a disciplinary penalty is appropriate for the misconduct.
In considering the appropriate penalty, we note as a mitigating factor that respondent did not institute the "instanter trial" procedure, but simply (and blindly) followed a long-standing procedure used by judges in that district for many years. This fact, of course, is not an excuse for respondent's failing to recognize an unconstitutional procedure, especially after it was called to his attention by the attorney's objection in the Menard case, but the fact that respondent simply followed existing procedures has some bearing on the determination of the appropriate penalty for the misconduct.
As to respondent's continued use of the "instanter trial" procedure after the Menard decision, the court of appeal in Menard did not expressly state or suggest that the procedure itself was constitutionally infirm, but focused on respondent's failure to allow time for the summoning of witnesses upon Menard's attorney's request. Respondent, in fact, did modify the "instanter trial" procedure after the reversal in Menard and allowed the seventeen defendants (all of whom were unrepresented) to express their desire or intention to call witnesses or to present other evidence. Again, these facts are not an excuse for respondent's failure to recognize the constitutional infirmity in the procedure, but these facts mitigate to some extent against a finding of willful misconduct, rather than adherence to a long-standing procedure that might be described as a grossly negligent disregard for procedural due process.
Perhaps a more significant mitigating factor in the consideration of the appropriate penalty is that the misconduct was isolatednot in the usual sense of the term, but in the sense that the misconduct was confined to criminal neglect of family cases, which by their nature are more given to informalities when the accused generally confers with support officers and frequently works out payment agreements before criminal charges are even considered. There is no evidence that respondent engaged in the same misconduct in any other type of case.
Finally, respondent expressed remorse before the Commission for his misconduct and pledged never again to use the "instanter trial" procedure.
In summary, affording due process to persons accused of a crime is one of the most basic and important duties of a judge and failure to do so is egregious legal error. Under the totality of all circumstances, we conclude that the public censure, recommended by the Judiciary Commission[6] and concurred in by Special Counsel in his brief to this court, is the appropriate penalty for the proved misconduct.

*34 No. 0097

This charge alleged that respondent failed to enter a judgment acquitting Menard, as ordered by the court of appeal.
In Menard's appeal, the court of appeal, upon determining that the evidence was insufficient and reversing the conviction, did not itself enter a judgment of an acquittal, but instead remanded the case to the trial court with instructions to enter an acquittal. About two months later, the district attorney brought the Menard matter up by moving to dismiss the charges, and respondent routinely granted the motion and dismissed the charges, stating "As per Court of Appeal, Third Circuit." Respondent did not enter a formal acquittal until after the present charge was filed.
At the Commission hearing, respondent explained that the district attorney made the motion on a Friday when people are "hanging out of windows" of the courthouse and that he inadvertently failed to distinguish the motion for dismissal from a motion for acquittal because of the pressure of a busy court day. He admitted, however, that he easily could have entered an acquittal either upon receipt of the opinion by the court of appeal or in response to the prosecutor's motion.
The Commission found that respondent's failure to enter the acquittal, as ordered, violated Canons 2 A and 3 A(1), noting that Menard was left vulnerable to being tried a second time on the same charge.
We first note that Menard was never truly vulnerable to being tried a second time on the same charge. If the district attorney had filed a second charge after the Menard reversal based on the same conduct and respondent had allowed the second charge to proceed to trial, both the district attorney and respondent would have been subject to severe disciplinary penalties for deliberate misconduct. However, that did not happen in this case. What actually happened was a dismissal, with virtually no chance that the charges would ever be refiled, rather than an acquittal as precisely ordered. While respondent should have promptly and precisely followed the order of the court of appeal, there does not appear to be any deliberate defiance of the higher court's order (as in In re Jefferson, 99-1313 (La.1/19/00), 753 So.2d 181), and there was no actual and virtually no potential damage to Menard.
In view of these circumstances, we perceive no need to increase the penalty imposed in No. 0096 or to impose a separate penalty for this rather technical violation.

No. 0098
This charge alleged that respondent violated the rules of confidentiality imposed by this court in Judiciary Commission proceedings.[7]
After the initial disciplinary charges were filed, respondent was advised by counsel for the Commission that the proceeding was confidential. The letters stated, "You are also bound by the confidentiality rules, and you may not discuss this letter, the investigation, or the basis of the complaint with others, except for your attorney and his or her staff and the Commission and its staff."
While the disciplinary proceeding was pending, the district attorney instituted a second criminal neglect of family proceeding against Menard, based on Menard's failure to pay child support during a period of time after the first proceeding against Menard was dismissed. The case was allotted to respondent, and Menard moved *35 to recuse him. Respondent denied the motion.
Menard thereafter appeared in court on the new charges. Respondent asked Menard if he still wanted respondent recused, and Menard responded that he had "vacated" his recusal motion. Respondent then referred to the pending complaint filed by Menard with the Judiciary Commission and again asked Menard if he wanted a recusal on the basis of that complaint. Menard replied that he believed respondent would treat him fairly.
The foregoing reference to the complaint filed by Menard with the Commission is the basis of the charge against respondent in No. 0098.
At the Commission hearing, respondent defended his comment about the pending complaint on the basis that he thought the rules of confidentiality were designed to protect a respondent judge and could be waived by the judge. He also argued that he did not breach the rule "because of the circumstances," explaining:
All right. And that's exactly what I did. And if you-all think I violated, then I violated it. But it was my feeling I was back against the wall. Here I am, sitting on the bench. Here's a defendant being brought up to me for another hearing for again failing to support his little children. I felt that justice and equity and fairness, the American way of justice required me to make this guy understand that he had perfect grounds for recusal. I don't know how else I would have done it.... But I just had to confront Mr. Menard with that, because if I wouldn't have, then he would have probably turned me in for not recusing when I had a cause against him.
Respondent further testified that he cooperated in providing the Commission's staff with the information about his disclosure, although he did not believe that he had done anything wrong, and that he was remorseful and regretted his actions.
The Commission concluded that if a valid ground for recusal was stated in the motion, respondent should either have recused himself or referred the motion to another judge for a hearing. See La.Code Crim. Proc. art. 674, La.Code Civ. Proc. art. 155. The Commission also noted that it was unnecessary to question Menard about the complaint because Menard stated he had abandoned his recusal attempt. The Commission emphasized that complainants and witnesses, as well as charged judges, need the protection afforded by the confidentiality rules, noting that disregard for the rules evidences a failure to observe high standards of conduct. A public censure was also recommended for this misconduct.
The violation of the confidentiality rules[8] appeared to be more careless than abusive and apparently did not involve a dishonest or selfish motive. However, the violation could have been avoided by respondent's simply following the law. If the motion stated a ground for recusal, respondent should have either recused himself or referred the motion to another judge for a hearing.[9] If the motion did not state a ground for recusal, respondent should have denied the motion (which he did) and remained silent (which he didn't). Menard obviously knew he had filed a complaint against respondent with the Judiciary Commission and did not need to have his filing of the complaint called to his attention (or the attention of bystanders). Respondent's public reference to the complaint could have affected the willingness of Menard or others to file complaints about other misconduct by respondent or by other judges.
*36 Nevertheless, because the violation appears to be attributable primarily to thoughtless inadvertence and occurred only once (insofar as this record shows), a public censure is a sufficient penalty.

Conclusion
There were no prior disciplinary complaints against respondent in his almost ten years on the bench. The most serious misconduct shown by this record was his commission of egregious legal error. The misconduct in this case justifies the recommended penalty of a public censure, and if further misconduct occurs, the misconduct in the present case will be an aggravating factor in any future cases.

Decree
For the foregoing reasons, it is ordered that Judge Preston Aucoin be, and he hereby is, publicly censured for violations of the Code of Judicial Conduct. Costs incurred in the investigation and prosecution of the case are to be reimbursed by respondent. La. Sup.Ct.R. 23, § 22.
JOHNSON, J., dissents and would assign a more severe penalty.
NOTES
[*] Knoll, J., not on panel, recused. Rule IV, Part 2, § 3.
[1] This was the sentence respondent customarily imposed in this stage of criminal neglect cases.
[2] The court of appeal did not mention that the "instanter trial" procedure itself, with or without objection by the accused or his or her attorney, deprived Menard of the fundamental right to notice of trial and to be heard after adequate opportunity for preparation for trial. Nor did the court of appeal specifically instruct respondent to discontinue use of the "instanter trial" procedure, whether or not there was an objection.
[3] Respondent discontinued use of the "instanter trial" procedure after Special Counsel notified him of the September 1997 complaint by Menard that led to this proceeding.
[4] The Commission incorrectly noted that Menard, because of respondent's use of the "instanter trial" procedure, "got out of paying child support" for the period covered by the bill of information, suggesting that this was "exactly the opposite result desired by" respondent. The correct reason why Menard avoided paying child support for that period was his acquittal based on the prosecutor's failure to present sufficient evidence to support the conviction; if the evidence had been sufficient, the case would have been remanded (based on respondent's procedural due process error) for a new trial on the same charges.
[5] The pertinent canons and constitutional provisions provide as follows:

CANON 2
A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All Activities
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
. . .
CANON 3
A Judge Shall Perform the Duties of Office Impartially and Diligently
The judicial duties of a judge take precedence over all other activities. Judicial duties include all the duties of office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities
(1) A judge shall be faithful to the law and maintain professional competence in it. A judge shall be unswayed by partisan interests, public clamor, or fear of criticism.
La. Const. art. V, § 25(C) provides as follows:
On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court. On recommendation of the judiciary commission, the supreme court may retire involuntarily a judge for disability that seriously interferes with the performance of his duties and that is or is likely to become permanent. The supreme court shall make rules implementing this Section and providing for confidentiality and privilege of commission proceedings.
[6] The Commission was apparently unimpressed with respondent's testimony, noting that respondent left the impression that he felt remorse for having to endure the disciplinary proceeding rather than for judicial misconduct. Because respondent asserted that allowing a few minutes after arraignment was reasonable legal notice of trial, the Commission believed that respondent still does not recognize the legal error in a judge's depriving a criminal defendant of the right to present a defense. Nevertheless, the Commission concluded that a public censure was the appropriate penalty for the misconduct.
[7] La.Sup.Ct.R. XXIII, § 23(a), provides:

All documents filed with, and evidence and proceedings before the judiciary commission are confidential. The commission may provide documents, evidence and information from proceedings to the disciplinary board of the Louisiana State Bar Association in appropriate cases when approved by this court. In such cases, the confidentiality provisions of La. S.Ct. Rule XIX, Section 16A shall be maintained. The record filed by the commission with this court and proceedings before this court are not confidential.
[8] The confidentiality requirement stated in the letters was more explicit than the general requirement of La. Sup.Ct.R. XXIII, § 23(a).
[9] Curiously, respondent conceded at the hearing before the Commission that Menard had grounds for recusal. However, respondent was not charged with any misconduct in his denial of the motion.