615 So.2d 327 (1993)
STATE of Louisiana
v.
Jimmy MORRIS.
No. 92-K-3151.
Supreme Court of Louisiana.
March 12, 1993.
*328 PER CURIAM.
Application granted.
The court of appeal reversed relator's conviction of DWI, third offense, based on the absence of evidence that relator knowingly waived his right to a jury trial.[1]
Nevertheless, the court of appeal erred in pretermitting relator's contention that the evidence was insufficient to prove the validity of the earlier convictions, which is an essential element of the charged crime. If relator prevails on these assignments of error, he is entitled to reduction of the grade of the charged offense and cannot be retried for the more serious crime. State v. Johnson, 541 So.2d 818 (La.1989).
Accordingly, the judgment of the court of appeal is set aside insofar as the judgment pretermitted a ruling on the sufficiency of the evidence. The case is remanded to the court of appeal to review the sufficiency of the evidence of the earlier convictions. If one or more of the earlier convictions was not proved beyond a reasonable doubt, the court of appeal should discharge relator accordingly and order retrial only on the lesser grade of the charged offense.
NOTES
[1] The state has not sought review of this decision, and we therefore do not consider whether the appellate court's treating the jury waiver issue as an error patent was appropriate in the absence of an assignment of error or argument by relator. Cf. State v. Skipper, 387 So.2d 592 (La.1980).