711 So.2d 738 (1998)
STATE of Louisiana
v.
Johnny E. CLARK.
No. CR97-1064.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
*739 Robert Richard Bryant, Jr., Mike K. Stratton, Lake Charles, for State.
John Ernest Brown, Lake Charles, for Johnny E. Clark.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
On April 15, 1996, defendant, Johnny E. Clark, was charged by bill of information with one count of D.W.I., fourth offense, a violation of La.R.S. 14:98(E). On May 13, 1996, defendant entered a written plea of not guilty in which he also requested a jury trial. On June 24, 1997, the day of trial, the State amended the dates of two of the predicate offenses on the bill of information. Defendant again pleaded not guilty. After a bench trial held that date, defendant was found guilty as charged. On June 30, 1997, the trial court sentenced defendant to ten years at hard labor, with all but two years suspended. The trial court imposed the two years without benefit of probation, parole, or suspension and ordered defendant placed on five years supervised probation upon his release from prison. Defendant now appeals his conviction, assigning two errors.

Errors Patent
In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find three patent errors, the third being a potentially reversible error.
First, we note that the bill of information in one place incorrectly states that defendant is charged with D.W.I., third offense. However, the bill also lists the correct charge of D.W.I., fourth offense, twice and includes the three predicate offenses. We find the error harmless, considering that the bill states the essential facts of the offense charged and that defendant neither objected to the error nor claimed surprise or prejudice. See La.Code Crim.P. art. 464; State v. Morris, 614 So.2d 180 (La.App. 3 Cir.1993).
Second, the trial court did not give defendant credit for time served prior to imposition of sentence. In the event that defendant's conviction is affirmed, we will remand with instructions that the trial court amend the commitment and minute entry of the sentence to reflect credit for time served in conformity with La.Code Crim.P. arts. 880 and 882(A). State v. Moore, 93-1632 (La. App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
Finally, we find that the record does not contain any evidence that defendant waived his right to a jury trial on the charge of D.W.I., fourth offense. Defendant entered a written plea of not guilty in which he also requested a trial by jury. However, defendant was tried by a judge, and there is no *740 waiver, either written or oral, of the previously requested jury trial. The clerk of the district court confirmed the absence of such a waiver in response to our information request.
Before discussing the effect of this error, we must first consider whether defendant's assignments concerning the sufficiency of the evidence have merit. State v. Morris, 615 So.2d 327 (La.1993). "The Louisiana Supreme Court does not allow the courts of appeal to pretermit a Jackson [v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)] review since a defendant who prevails on this issue may be entitled to retrial on a lesser included offense or discharge if the State's evidence was insufficient." State v. Thomas, 95-1646, p. 11 (La.App. 3 Cir. 5/8/96); 680 So.2d 37, 43.

Sufficiency of the Evidence
Defendant assigned as his first error the State's failure to prove the third predicate offense beyond a reasonable doubt. However, as defendant did not brief this assignment, we consider it abandoned. In his second assignment, defendant argues that the State did not present sufficient evidence of intoxication in the instant offense, in the absence of a field sobriety test or an intoxilyzer test. Defendant also objects to the arresting officer's solicitation of "[i]ncriminating evidence of identification" after defendant invoked his right to remain silent and his right to counsel.
Officer Robert Broussard testified that on December 17, 1995, while on routine patrol, he was dispatched to an apartment complex in Sulphur, Louisiana. Officer Broussard saw defendant drive southbound on Fowler Drive and then park in the apartment complex. Defendant exited his truck and began walking toward Officer Broussard. When asked to describe defendant's actions when he got out of the vehicle, Officer Broussard stated the following:
As he exited the vehicle, hewhen he closed the door, he went to turn around. He was somewhat hesitant on his turning. When he walked up, I could see how he was kind of stumbling and staggering when he was walking towards me. When we met, I began to interview him and ask him a few questions. I detected a strong odor of alcoholic beverage on his breath. His speech was slurred. He had bloodshot eyes. He was swaying as we were talking.
According to Officer Broussard, defendant appeared to be under the influence of alcoholic beverages. However, the officer did not perform a field sobriety test at the scene because he was not certified to do so. Rather, he arrested defendant on an unrelated charge (concerning the call for which the officer was dispatched) and took defendant to the sheriff's office.
When asked to describe defendant's actions at the sheriff's office, Officer Broussard testified:
Pretty much the same as when he exited the vehicle and walked toward me. He waslike a staggering and stumbling step, kind ofyou know, drag foot, like he was having trouble walking; and it appeared to me to be from the effects of alcohol. When I was asking him the interview questions for the Uniform DWI Arrest Report, he kept saying that I could ask all I wanted, he wasn't going to answer, he wasn't answering any questions, and his speech was still slurred.
Officer Broussard further defendant fell against the wall in the intoxilyzer room. Defendant also refused to breathe into the intoxilyzer and refused a field sobriety test. Finally, Officer Broussard testified defendant had an open beer inside his truck.
Officer Rick Patrick observed defendant at the sheriff's office. When asked to describe defendant's actions upon entering the intoxilyzer room, Officer Patrick testified:
When he first proceeded into the intoxilyzer room, he was kind of swaying, you know. There was a strong alcoholic beverage upon his breath, bloodshot eyes. I advised him to turn around and to place his back up against the wall, which is normal procedure what we do since our intoxilyzer is right next to where he would be standing at. The subject then fell back up against the wall like he was unsteady.
When asked how he would classify the odor of alcohol on defendant, Officer Patrick replied, "Strong, very strong." Officer Patrick *741 saw defendant fall against the wall, as described by Officer Broussard, and he further testified that defendant's speech remained slurred while he was in the intoxilyzer room. Officer Patrick attempted to administer a field sobriety and intoxilyzer test, but defendant refused.
Defendant's three prior D.W.I. convictions occurred on January 18, 1989; May 17, 1989; and December 13, 1993. To prove the first conviction, the State introduced the certified minutes from Sulphur City Court indicating that defendant was found guilty after trial. For the second conviction, the State introduced a certified transcript of a Boykin colloquy held in Sulphur City Court. For the third conviction, the State introduced certified minutes of a guilty plea entered in the Fourteenth Judicial District Court and a waiver of rights form executed by defendant on the day of the plea. The minutes indicate that the court reviewed the form with defendant and that defendant stated that he understood the form. The form lists the specific rights that defendant waived by pleading guilty.
This court has stated the following with respect to proof in D.W.I. cases:
In order to convict an accused of driving while intoxicated, the prosecution need only prove that defendant was operating a vehicle and that defendant was under the influence of alcohol or drugs. State v. Edwards, 591 So.2d 748 (La.App. 1 Cir. 1991). Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. Id.; State v. Pitre, 532 So.2d 424 (La.App. 1 Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of D.W.I. be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
State v. Iles, 96-256, pp. 7-8 (La.App. 3 Cir. 11/6/96); 684 So.2d 38, 42.
In State v. Johnson, 580 So.2d 998, 1000-01 (La.App. 3 Cir.1991), this court upheld the defendant's conviction for D.W.I., third offense, under the following circumstances:
Officer Boren testified that he observed defendant's car after it rolled into the parking lot from the highway. Officer Boren approached the car to inquire about a reported accident when the car began to slowly move away. Officer Boren followed in his unit and stopped the car moments later and saw defendant behind the steering wheel. Officer Boren further testified that defendant smelled of alcohol, his eyes were bloodshot, his speech slurred, and his balance was unsteady. After defendant was transported to the police station, he refused to take a breath alcohol test. At the scene, both passengers denied driving the car. The testimony of Officer George Williams supported Officer Boren's testimony.
In light of the above, we find that the evidence was sufficient to convict defendant, notwithstanding that Officer Broussard did not observe him commit a traffic violation or administer any tests of intoxication. As stated in Iles, 684 So.2d 38, the State need only prove that the defendant was operating a vehicle and that he was under the influence of alcohol or drugs. We further find the cases cited by defendant are distinguishable. In State v. Kent, 610 So.2d 265 (La.App. 5 Cir.1992), the defendant's actions were not as indicative of intoxication as in the instant case. In State v. St. Amant, 504 So.2d 1094 (La.App. 5 Cir.1987), the trial court found the arresting officer's testimony incredible, where it was not corroborated by a video of the defendant.
Defendant also argues that the evidence was insufficient because the "observations of the officer could have been attributable to diabetes, nervousness, physical impairments, anxiety, spills on his clothing, or merely finding himself in an uncomfortable situation after consuming a small amount of alcohol or having spilled alcohol upon his clothing." However, Officer Broussard testified that defendant refused to answer questions about whether he was diabetic or had any physical defects. Additionally, defendant's erratic behavior was observed by two witnesses, one at the scene and the other at the sheriff's office.
*742 At trial, defendant objected to Officer Broussard's testimony about answers that defendant gave after he exercised his Miranda rights. The trial court overruled the objection because defendant made no admissions other than information about his identity and that he was driving, which Officer Broussard saw him do. We find no error in the trial court's ruling.
For the above reasons, the defendant's assignment concerning the sufficiency of the evidence is without merit.

Waiver of Jury Trial
Article 1, § 17 of the Louisiana Constitution provides that crimes with a punishment that can exceed confinement for six months must be tried by jury except when, in noncapital cases, the defendant knowingly and intelligently waives his right to a jury trial. See also La.Code Crim.P. arts. 780 and 782. "A knowing and intelligent waiver... will not be presumed from a silent record." State v. Arnold, 30,282, p. 587 (La. App. 2 Cir. 1/21/98); 706 So.2d 578, citing State v. Page, 541 So.2d 409 (La.App. 4 Cir.), writ denied, 548 So.2d 323 (La.1989).
In State v. Talley, 572 So.2d 230 (La.App. 1 Cir.1990), the appellate court found as patent error the absence in the record of the defendant's waiver of his right to trial by jury on a negligent homicide charge. After the district court clerk responded to an information request that it had no record of such a waiver, the appellate court remanded the case for an evidentiary hearing to determine whether the defendant executed a knowing and intelligent waiver. See also State v. James, 94-720 (La.App. 5 Cir. 5/30/95); 656 So.2d 746, in which the majority chose to remand for a similar evidentiary hearing. The court stated, "Under the present circumstances, wherein [the defendant] had competent counsel and was tried without objection by a judge, we believe that the interests of justice are better served by a remand instead of reversals." Id. at p. 2; 656 So.2d at 746. The Louisiana Supreme Court has apparently approved this procedure. See State v. Nanlal, 97-0786 (La.9/26/97); 701 So.2d 963.
We recognize that the supreme court has questioned whether an appellate court should raise this issue as a patent error where the defendant has neither assigned nor briefed it. Morris, 615 So.2d 327. However, we find the procedure adopted by the first and fifth circuits and approved by the supreme court to be a prudent safeguard of this fundamental right. We, therefore, choose to employ it in the instant case.

Decree
For the above reasons, we remand this case with instructions that the trial court (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.
REMANDED WITH INSTRUCTIONS.