752 So.2d 149 (1999)
STATE of Louisiana
v.
Davede DAVILLIER.
No. 99-KO-1204.
Supreme Court of Louisiana.
December 10, 1999.
*150 PER CURIAM.[*]
The defendant seeks review of his conviction of second degree kidnapping.
The defendant dragged the victim by the hair from one side of her truck to the other and forced her to enter the cab, from where she ran and escaped. We agree that "the distance traveled during the forcible seizure [is not required to] be any particular length." State v. Davillier, 98-0790, p. 5 (La.App. 1st Cir.4/1/99), 739 So.2d 1010. However, La.Rev.Stat. 14:44.1 B(1) requires the state to prove that the offender forcibly seized and carried the victim "from one place to another," a term which requires evidence that the offender relocated the victim from one physical setting or environment to another.
Evidence that relator moved the victim from one side of her truck to the other, and then obtained from her the keys to the vehicle and ordered her inside, did not satisfy La.Rev.Stat. 14:44.1 B(1), as he had not yet moved her from the immediate physical environment in which his initial physical assault had taken place. Accordingly, the conviction of second degree kidnapping must be set aside.
Although the victim ran from the truck and escaped, the evidence that relator committed acts tending directly toward accomplishing his purpose, i.e., the relocation of the victim from one place to another, is sufficient proof that relator committed the offense of attempted second degree kidnapping in violation of La.Rev.Stat. 14:27; 14:44.1. Accordingly, a judgment of guilty of attempted second degree kidnapping is entered, and the case is remanded to the district court for resentencing on that count only.
In all other respects the application is denied.
TRAYLOR, J., would deny the writ.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part 2, § 3.