NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-0047

STATE OF LOUISIANA

VERSUS

MICHAEL BRIAN MANESS

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 05-229233
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED, AND REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.**

Chester R. Decars
Assistant District Attorney
Sixteenth Judicial District
415 South Main Street
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
    State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
Post Office Box 719

**Rayville, LA 71269-0719**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Michael Brian Baness**

**Michael Brian Maness**
**Inmate # 16737**
**1415 Highway 520**
**Homer, LA 71040**
**DEFENDANT/APPELLANT:**
**In Proper Person**

PETERS, J.

A jury convicted the defendant, Michael Brian Maness, of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1; aggravated burglary, a violation of La.R.S. 14:60; and unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4. Thereafter, the trial court sentenced the defendant to serve fourteen years at hard labor, without benefit of probation, parole, or suspension of sentence, for the attempted second degree murder conviction; to serve five years at hard labor for the aggravated burglary conviction; and to serve two years at hard labor for the unauthorized use of a motor vehicle conviction. The trial court ordered that the fourteen-year and five-year sentences run consecutively, and that the two-year sentence run concurrent with the five-year sentence.

The matter is now before us. Counsel for the defendant has filed a motion to withdraw together with a brief asserting that after his review of the trial court record, he has found no non-frivolous errors subject to review on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). This court notified the defendant of his counsel's request to withdraw and advised the defendant of the time limit for notifying this court of his intention to file a brief. Within that time period the defendant filed a brief asserting three assignments of error: (1) that his trial counsel was ineffective, (2) that his statement to the police was illegally obtained, and (3) that his custodial interrogations were illegal.

**OPINION**

There exists no dispute concerning the underlying facts giving rise to the criminal charges. On February 13, 2004, the defendant entered the home of Joseph Albert in St. Martin Parish and beat Mr. Albert in the back of the head with a metal

pipe. Mr. Albert sustained a skull fracture in the beating. After the attack on Mr. Albert, the defendant took the victim's vehicle without authority.

In *Benjamin*, 573 So.2d at 531, the fourth circuit set forth the appropriate procedures for an appellate court to use when analyzing a brief filed pursuant to *Anders*:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

In fulfilling our review obligations pursuant to *Benjamin*, we will first address the defendant's *pro se* assignments of error.

### *Pro Se* Assignment of Error Number One

The defendant first asserts that his trial counsel was ineffective in the following respects:

1) His trial counsel used unprofessional language during voir dire.

2) His constitutional right to speedy trial was violated.

3) He was prepared to take the stand and testify, but his trial counsel denied him that right.

4) The State of Louisiana in opening statement asserted that the jury would see evidence that all phone lines were disabled, and trial counsel did not object when such evidence was not presented during trial.

2

5) Trial counsel asked one witness, Jovita Darbonne, a single question.

6) Trial counsel erred in failing to file a motion to suppress a taped statement and the crime scene evidence.

7) The defendant never received a motion for discovery filed March 10, 2005.

8) The defendant had four different appointed attorneys and only one came to visit him, eight days prior to trial—thus depriving him of sufficient time to prepare a defense strategy.

9) One of his four different appointed attorneys represented him as well as a co-defendant who agreed to testify against him— thus creating a conflict of interest.

The supreme court, in *State v. Leger*, 05-11, p.44 (La. 7/10/06), 936 So.2d 108, 142-43, *cert. denied*, _ U.S. _, 127 S.Ct. 1279 (2007), stated the following concerning claims of ineffective assistance of counsel:

"Initially we note that ineffective assistance of counsel claims are usually addressed in post-conviction proceedings, rather than on direct appeal." *State v. Deruise*, 1998-0541 p. 35 (La.4/3/01), 802 So.2d 1224, 1247-1248, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). The post-conviction proceeding allows the trial court to conduct a full evidentiary hearing, if one is warranted. *State v. Howard*, 1998-0064 p. 15 (La.4/23/99), 751 So.2d 783, 802, *cert. denied*, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). Where the record, however, contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue may be considered in the interest of judicial economy. *State v. Smith*, 1998-1417 (La.6/29/01), 793 So.2d 1199 (Appendix, p. 10), *cert. denied*, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 226 (2002); *State v. Ratcliff*, 416 So.2d 528 (La.1982).

Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this court in *State v. Washington*, 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.

In his brief, the defendant refers us to specific pages in the trial transcript but does not point out the language he considers unprofessional, makes no argument regarding his motion for speedy trial, and points to nothing in the trial transcript that indicates he sought to testify at trial and was denied that opportunity by his trial counsel. Additionally, while the record indicates that motions for discovery were filed, there are no minute entries regarding these motions. Furthermore, there exists no evidence in the record concerning the specifics of his court-appointed counsel history or of any potential conflict arising from a co-defendant. Finally, the defendant's claims regarding his trial counsel's failure to object to certain evidence, to file a motion to suppress, or to extensively question certain witnesses falls within the ambit of trial strategy absent evidence to the contrary.

Following the guidance of the supreme court as stated in *Leger*, we find that the record before us does not contain sufficient evidence to evaluate the ineffective assistance of counsel issue as raised by the defendant. That being the case, the concept of judicial economy cannot be applied and any such claim must be relegated to a post-conviction relief proceeding. Therefore, we find no merit in the defendant's first *pro se* assignment of error.

### *Pro Se* Assignment of Error Number Two

During the trial, the state introduced a statement given by the defendant to North Carolina law enforcement officers in which he admitted his involvement in the criminal activity giving rise to the charges that resulted in his convictions. In this assignment of error, the defendant asserts that his statement was "illegally obtained through coercion and promises exchanged." In brief he asserts that he did not completely fill out the card acknowledging that he understood his *Miranda* rights and

4

that police promised him cigarettes, a soft drink, and that he could see his girlfriend if he told the truth first.

In addition to the statement made by the defendant, the state introduced at trial the waiver of rights form signed by the defendant in conjunction with the taking of the statement. When the state offered the waiver of rights form, the defendant's trial counsel objected to its introduction, asserting only that it was not indicative of a knowing and intelligent waiver of rights. The trial court overruled the objection, and the defendant's trial counsel made no objection regarding the admissibility of the statement itself.

The arguments set forth by the defendant in brief to this court were not first presented to the trial court. Accordingly, this assignment of error will not be considered by this court. Uniform Rules—Courts of Appeal, Rule 1-3.

### *Pro Se* Assignment of Error Number Three

In his third assignment of error, the defendant contends custodial investigations are illegal. In this portion of the defendant's brief, he cites several cases. However, he does not make any argument and does not set forth how the cited cases apply to the case before the court. Accordingly, the defendant has not properly briefed this issue; thus, this assignment of error will not be considered by the court. Uniform Rules—Courts of Appeal, Rule 2-12.4.

### Additional Issue Raised in Brief by the Defendant

In his prayer and conclusion, the defendant asserts his sentence is too severe considering the mitigating circumstances surrounding his trial and subsequent conviction. The defendant made no argument regarding his claim. Accordingly, this issue was abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4.

In accordance with La.Code Crim.P. art. 920 we have also reviewed this appeal for errors patent on the face of the record. After a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, we find there are two errors patent.[1]

The first of these errors patent relates to the bill of information filed by the state. That document describes the first count against the defendant as follows:

> MICHAEL BRIAN MANESS DID KNOWINGLY OR INTENTIONALLY COMMIT R.S. 14:27; 30.1 SECOND DEGREE MURDER, by attempting to kill JOSEPH ALBERT, and did some act or omitted some act for the purpose of and tending directly toward the accomplishing of that act.

Thus, while the bill of information correctly recites the statutes appropriate to an *attempted* second degree murder charge and further asserts that the defendant *attempted* to kill the victim, it incorrectly lists the offense charged as "SECOND DEGREE MURDER."

This court addressed a similar situation in *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, *writ granted on other grounds,* 98-1180 (La. 9/25/98), 726 So.2d 2, wherein the defendant was charged with driving while intoxicated, fourth offense. In that case, the bill of information incorrectly stated in one place that the defendant was charged with driving while intoxicated, third offense; but correctly described the charge as driving while intoxicated, fourth offense, in two other places; and included a description of the three predicate offenses. This court found that

_____

[1]Our review of the record, pursuant to *Anders* and *Benjamin*, reveals no other errors patent. The defendant and his trial counsel were present at all critical stages of the proceedings. The jury composition and verdict were correct and the sentence imposed by the court is legal. In our review of the transcripts contained in the record, we found no rulings that would support an arguable basis for appeal.

6

because the bill of information stated the essential facts of the offense charged and because the defendant neither objected to the error nor claimed surprise or prejudice, the error was harmless. As in *Clark*, we find the error in the bill of information in this matter to be harmless error.

We also note that the trial court minutes of the sentencing proceedings indicate that the trial court advised the defendant that he had two years from *that date* to file any post-conviction relief motions. The sentencing transcript reveals that the trial court informed the defendant that he had "post-conviction rights" without specifically informing him of the parameters of those rights. Neither the minute entry nor the trial court statement complies with the mandate of La.Code Crim.P. art. 930.8(C), which requires that the trial court "inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." Louisiana Code of Criminal Procedure Article 930.8(A) sets that prescriptive period at "two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922."

Because of this error we remand the matter to the trial court with instructions to the trial court to properly inform the defendant of the time limitations on his post-conviction rights as provided for in La.Code Crim.P. art. 930.8.

**DISPOSITION**

For the foregoing reasons, we affirm the defendant's convictions and sentences in all respects and grant his counsel's motion to withdraw. We remand this matter to the trial court with instructions to the trial court to inform the defendant of the two-year prescriptive period provided for in La.Code Crim.P. art. 930.8 by sending him the appropriate written notice or verbally informing him of the prescriptive period

7

within ten days of the rendition of this opinion. If the trial court chooses to inform the defendant by written notice, it shall file in the record of the proceedings written proof that the defendant received the notice.

**CONVICTIONS AND SENTENCES AFFIRMED, AND REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

07-0047

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

VERSUS

MICHAEL BRIAN MANESS

On Appeal from the Sixteenth Judicial District Court, Parish of St. Martin, State of Louisiana, Honorable Lori A. Landry, Judge.

**ORDER**

After consideration of defense counsel's request to withdraw as counsel in the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this ____ day of _____, 2007.


COURT OF APPEAL, THIRD CIRCUIT

_____
_____Chief Judge Ulysses G. Thibodeaux


_____
_____Judge Jimmie C. Peters


_____
_____Judge Elizabeth A. Pickett