NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-141


STATE OF LOUISIANA

VERSUS

ARCHIE LEWIS CHARLES


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61,971
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


OSWALD A. DECUIR
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

Cooks, J., agrees in part and dissents in part, and assigns reasons.

CONVICTION REVERSED, SENTENCE VACATED, AND
OTHERWISE REMANDED WITH INSTRUCTIONS.

Ronald D. Brandon
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
Counsel for Plaintiff/Appellee:
    State of Louisiana

**C.R. Whitehead, Jr.**
**Whitehead Law Offices**
**P. O. Box 697**
**Natchitoches, LA 71458-0697**
**(318) 352-6481**
**Counsel for Defendant/Appellant:**
    **Archie Lewis Charles**

**Archie Lewis Charles**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

**DECUIR, Judge.**

The Defendant, Archie Lewis Charles, was charged by bill of information with attempted aggravated kidnapping, a violation of La.R.S. 14:27 and 14:44, and with attempted first degree robbery, a violation of La.R.S. 14:27 and 14:64.1. Following a bench trial held on October 26, 2006, the Defendant was found guilty of attempted simple kidnapping and simple robbery.[1] The Defendant was sentenced on January 4, 2007, to serve three years at hard labor for "attempted simple robbery" and two and one-half years at hard labor for "simple kidnapping," the sentences to run concurrently and credit given for time served.[2]

The Defendant is now before this court on appeal asserting that the evidence presented at trial was not sufficient to support his convictions. We will discuss the conflicting characterizations of the convictions in a patent error review.

## SUFFICIENCY OF THE EVIDENCE

In his sole assignment of error, the Defendant argues that the evidence is insufficient to support his convictions. The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v.*

---

[1]The minutes reflect that the Defendant was found guilty of simple kidnapping and simple robbery.

[2]At the beginning of sentencing, the trial court stated that the Defendant was found guilty of attempted simple robbery and attempted simple kidnapping. However, when pronouncing the sentences, the trial court stated that the sentences were for the convictions of attempted simple robbery and simple kidnapping.

*Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The Defendant was arrested at a carwash in Many, immediately after an incident involving customer Shirley Arthur Evans, the victim. The record reflects that the victim testified and was cross examined at a preliminary examination held on September 28, 2006. Prior to trial, the victim was killed in an automobile accident; thus, the transcript of the preliminary examination was entered into evidence at trial. The victim essentially testified as follows:

> Well, the [defendant] apparently was there when I came. I saw him once I started wiping the dash off in the vehicle and he acted suspicious. He kept peeping around the dark corners and going through the trash cans. And so there was a guy next to me and he was– he was drying his car and I asked him would he help me watch the guy because he acted so suspicious. And when the other guy left, I thought the man was gone too and the next thing I knew he was on my side of the vehicle, the passenger side, and he was right– right in my face, you know. And he– he had on a brown cotton glove and when he approached, he kind of wrapped hisself [sic] around the window, I suppose so nobody could see, and he said don't say nothing but get on the other side and I said no I'm not. I don't know why I said that but I didn't. And he said you got any money in that purse and I said I think I might have a couple of dollars and I said let me see and I did and I only had one dollar and he took it in the gloved hand which was his right hand. And he said you have any credit cards and I said no. And then after that I said you need to leave before the police get here because they're on their way and he handed me the dollar back and said well I won't hurt you this time and started toward the Fastrac ... I grabbed my cell phone and called the police.

**Attempted Simple Kidnapping**

Simple kidnapping is defined in La.R.S. 14:45, which reads in pertinent part:

A. Simple kidnapping is:

> (1) The intentional and forcible seizing and carrying of any person from one place to another without his consent.

Attempt is defined in La.R.S. 14:27, which reads in pertinent part:

2

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

As explained in *State v. Gray*, 41,732, pp. 7-8 (La.App. 2 Cir. 1/10/07), 948 So.2d 335, 340:

> To commit the offense of attempted simple kidnapping, Defendant must have had the specific intent to commit the offense of simple kidnapping while taking some action in furtherance of accomplishing that offense. La. R.S. 14:27(A). Specific intent is a state of mind existing when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. *State v. Davies*, 35,783 (La.App.2d Cir.4/5/02), 813 So.2d 1262, *writ denied*, 02-1564 (La.5/9/03), 843 So.2d 389, citing La.R.S. 14:10(1); *State v. Lindsey*, 543 So.2d 886 (La.1989), *cert. denied*, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); *State v. McCray*, 621 So.2d 94 (La.App. 2d Cir.1993). Since specific intent is a state of mind, it need not be proved as a direct fact, and it may be inferred from the circumstances. *State v. Davies*, *supra*, citing *State v. Graham*, 420 So.2d 1126 (La.1982); *State v. Fuller*, 414 So.2d 306 (La.1982); *State v. Doby*, 540 So.2d 1008 (La.App. 2d Cir.1989), *writ denied*, 544 So.2d 398 (La.1989).

In his brief to this court, the Defendant complains that there was no testimony by the victim that the Defendant committed any criminal act which could be considered as the intentional and forceful seizing and carrying of any person from one place to another without her consent. The Defendant maintains that what transpired between the Defendant and the victim was confined to the carwash premises and that the victim was seated in her vehicle and never moved. The Defendant asserts that there was no forcible seizing and carrying away of her person from one place to another without her consent.

The victim explained that the Defendant was "right in my face" and had wrapped himself around the window so that no one could see. The Defendant told her not to say anything but get on the other side of the vehicle. When she refused, however, the Defendant did not threaten her with harm. The victim admitted the

3

Defendant did not say that he was not going to let her leave. According to the victim, the Defendant did not block her ability to get out of the vehicle, but he was "hanging" on the door and she was frightened.

The question before us is whether there is sufficient evidence to show that the Defendant intended to enter the vehicle and transport the victim from one place to another without her consent. The supreme court addressed this element of the crime of kidnapping in *State v. Davillier*, 99-1204, p. 1 (La. 12/10/99), 752 So.2d 149, 150 (alteration in original), stating:

> We agree that "the distance traveled during the forcible seizure [is not required to] be any particular length." *State v. Davillier*, 98-0790, p. 5 (La.App. 1st Cir.4/1/99), 739 So.2d 1010. However, La.Rev.Stat. 14:44.1 B(1) requires the state to prove that the offender forcibly seized and carried the victim "from one place to another," a term which requires evidence that the offender relocated the victim from one physical setting or environment to another.

In *Davillier*, the defendant moved the victim from one side of her truck to the other, and then obtained from her the keys to the vehicle and ordered her inside. The court concluded that the evidence did not satisfy La.R.S. 14:44.1 (B)(1), as the defendant had not yet moved the victim from the immediate physical environment in which his initial physical assault had taken place. However, the court did find sufficient evidence of the crime of attempted second degree kidnapping.

A different set of facts are found in *State v. Branch*, 475 So.2d 388 (La.App. 1 Cir. 1985). The court reduced the defendant's conviction for attempted aggravated kidnapping to attempted simple kidnapping. In *Branch*, the defendant ordered the victim into her car, tried to push her into the vehicle, and represented that he had a gun.

Conversely, in the instant case, other than the victim's testimony that the Defendant instructed her to move over to the passenger side of the vehicle, the victim

4

did not state that the Defendant tried to open the door or that he attempted to physically force her to move over. There is no evidence that the Defendant intimidated the victim or threatened her with harm at the time he instructed her to move over in the vehicle, nor is there evidence that he told her he intended to enter the vehicle and drive away with her. Once she refused to move over, he made no further demand for her to do so. After reviewing the entirety of the record, we find insufficient evidence to support the conviction on the charge of attempted simple kidnapping. Accordingly, the Defendant's conviction for attempted simple kidnapping is reversed.

**Simple Robbery**

Simple robbery is defined in La.R.S. 14:65(A) as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon."

The Defendant avers there is no testimony by the victim that he used force or intimidation at any time when he asked her if she possessed any money. He argues that the victim's testimony does not show that he used force or intimidation when he asked her if she had any money and when she gave him the one dollar bill. Rather, the victim testified that the Defendant never showed her a weapon nor did he ever indicate that he had a weapon. The victim also stated that she handed the money to the Defendant as opposed to him forcefully taking it from her hand.

The victim testified at the preliminary hearing that after she refused to move to the other side of her vehicle, the Defendant asked her if she had any money. The victim replied that she might have a couple of dollars and upon checking her purse, she had only one dollar. The Defendant took the dollar with his right hand and then

5

asked if she had any credit cards. When she replied in the negative and told him to leave before the police arrived, the Defendant handed the dollar back to her, said that he would not hurt her this time, and began to walk away.

Nevertheless, the evidence shows that the Defendant frightened the victim when he approached her door, got close to her face, and told her to move over to the passenger side of the vehicle. According to the victim, the Defendant frightened her enough that she would have given him whatever she had in her purse. As a result of this fear, the victim gave him what she had in her purse with no expectation that it would be returned.

Considering the record before us, we find the evidence sufficient to support the simple robbery conviction. Although the Defendant never threatened the victim with harm, his presence at the door of the victim's vehicle was frightening to the victim and intimidating enough for the victim to relinquish all the money she had in her wallet. When the Defendant took the dollar, he used intimidation to take something of value belonging to the victim.

## **ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find error in the trial court's minutes, sentencing error, and insufficient evidence of whether the Defendant's waiver of his right to a jury trial was valid.

The Defendant was charged with attempted aggravated kidnapping and attempted first degree robbery on August 18, 2006. On September 25, 2006, an amended bill was filed, charging the Defendant with attempted first degree robbery and attempted armed robbery. Court minutes from the preliminary examination held on September 28, 2006, indicate the trial court found probable cause existed to

6

proceed to trial on the charge of simple robbery, rather than the charged offense of attempted first degree robbery. The State proceeded to trial on the originally charged offense of attempted aggravated kidnapping (Count I) and an amended charge of simple robbery (Count II).

After the trial was completed, the court minutes indicate the court convicted the Defendant of simple kidnapping and simple robbery. However, the transcript indicates the court found the Defendant guilty of "attempted simple kidnapping and simple robbery."

The conflicting and irreconcilable language continues in the sentencing minutes which indicate the Defendant was sentenced for *attempted* simple robbery and attempted simple kidnapping. Likewise, the sentencing transcript also indicates the trial court stated the Defendant was found guilty of *attempted* simple robbery and attempted simple kidnapping. The transcript later indicates the trial court referred to the offenses of attempted simple robbery and simple kidnapping when it imposed the sentences.[3]

We are unable to determine from the record whether the reference to the conviction of "attempted simple robbery" was inadvertent or was a mistaken belief by the trial court as to the conviction for Count II. The three-year sentence at hard labor imposed by the trial court falls within the sentencing range for both an attempted and a completed simple robbery.

In *State v. Session*, 04-1325 (La.App. 5 Cir. 4/26/05), 902 So.2d 506, the defendant contended on appeal that in sentencing him, the trial court referred to a conviction of attempted armed robbery when he had been convicted of only attempted

---

[3]Even the State's brief lists the convictions as attempted simple kidnapping and *attempted* simple robbery. It appears this was simply an inadvertent error, perhaps based on the confusion at sentencing regarding the conviction on Count II. The State does not allege that the verdict is unclear.

7

simple robbery. The fifth circuit disagreed with the state's position that the sentence should not be vacated because it was a proper sentence for attempted simple robbery, the offense of which the defendant had been convicted. Rather, the court found that the sentence should be vacated, finding nothing in the sentencing transcript to indicate whether the reference to the wrong conviction was an inadvertent error or a mistaken belief by the court. Because it was impossible to determine whether the sentence was imposed in error for the wrong offense, the fifth circuit vacated the sentence and remanded the case for resentencing.

Likewise, in the present case, we find the ambiguities in the record necessitate remand. The sentence imposed on the conviction for Count II, simple robbery, must be vacated and remanded for resentencing on this conviction. The trial court is further ordered to amend and correct the court minutes of trial to correctly reflect the Defendant's conviction.

Also revealed in the course of our patent error review is the question of whether the Defendant's waiver of his right to a jury trial was knowingly and intelligently made. The Defendant was entitled to a jury trial on the charges of attempted aggravated kidnapping and simple robbery. *See* La.R.S. 14:27, 14:44, 14:65 and La.Code Crim.P. art. 493.2. The record contains a written motion waiving the Defendant's right to a jury trial. The motion, which is signed by defense counsel only, states that defense counsel had been authorized to waive the Defendant's right to a jury trial. The court granted the motion on October 23, 2006, setting the bench trial for October 26, 2006. The motion is date stamped October 24, 2006. The court minutes from October 23, 2006, indicate the case was fixed for a bench trial that day, but on the State's motion, the bench trial was continued to October 26, 2006. The waiver is not mentioned in the court minutes of October 23, 2006.

8

This court must determine whether a written waiver signed by defense counsel, but not the Defendant, is sufficient to waive the Defendant's right to a trial by jury. This issue was before the court recently in *State v. Fuslier,* 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866. In *Fuslier*, this court stated:

> In *State v. Morris,* 607 So.2d 1000 (La.App. 3 Cir. 1992), *judgment set aside on other grounds & remanded*, 615 So.2d 327 (La.1993),[4] this court was faced with this very issue. Setting forth the general law regarding waiver of a defendant's right to a jury trial, this court stated:
>
> > Our Louisiana Constitution of 1974, Art. I, section 17 entitles an accused to a trial by jury which he may relinquish except in capital cases. La.C.Cr.P. art. 780 repeats this right and provides that a defendant "may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment the defendant in such cases shall be informed by the court of his right to waive trial by jury." While one who is entitled to a jury trial may waive that right, such waiver shall not be presumed but must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused. *State v. Smith*, 447 So.2d 4 (La.App. 3 Cir.1984). The denial of this fundamental right constitutes an error patent. *State v. Salata*, 479 So.2d 660 (La.App. 3 Cir. 1985).
>
> *Id.* at 1001.
>
> In *Morris*, a written motion to waive jury trial signed by defense counsel, but not the defendant, was filed. In concluding this was not sufficient for a valid waiver, this court reasoned:
>
> > Although the Supreme Court has permitted a waiver to be made by defense counsel, in such instances the

---

[4]The supreme court set aside the judgment of this court because it had pretermitted a ruling on the sufficiency of the evidence. On remand of the case to this court, the defendant's conviction for third offense DWI was reversed and the case remanded for retrial on the lesser offense of first offense DWI. *State v. Morris*, 619 So.2d 184 (La.App. 3 Cir. 1993).

We note that the supreme court, in a footnote in *Morris*, stated, "The state has not sought review of this decision, and we therefore do not consider whether the appellate court's treating the jury waiver issue as an error patent was appropriate in the absence of an assignment of error or argument by relator. *Cf. State v. Skipper*, 387 So.2d 592 (La.1980)." In *Clark*, 711 So.2d 738, this court acknowledged the supreme court's footnote in *Morris*, but felt that remanding the case for an evidentiary hearing to determine whether the defendant executed a knowing and intelligent waiver was a "prudent safeguard of this fundamental right." *Id.* at 742.

9

defendant was present in court with his attorney when the waiver was made, and his failure to object at that time was construed to be a waiver by him. *State v. Phillips*, 365 So.2d 1304 (La.1978); *State v. Kahey*, 436 So.2d 475 (La.1983). Here the record does not show that the defendant was in court when the waiver was filed. He had no opportunity to object to the action of his attorney, therefore the motion filed by the attorney cannot be considered as a knowing and intelligent waiver by the defendant.

In *State v. McCarroll*, 337 So.2d 475 (La.1976) quoted with approval by *State v. Williams*, 404 So.2d 954 (La.1981) the court stated:

> Although the right to a jury trial may be waived in a non-capital case, Art. I Section 17 requires that the waiver be "knowingly and intelligently" made. Therefore we must indulge every reasonable presumption against waiver of this fundamental right.
>
> If nothing in the record shows the defendant knowingly and intelligently waived his right to trial by jury, the presumption against waiver is not rebutted. In the instant case there is no indication that the defendant was informed by the court or his counsel of his right to trial by jury and that he knowingly and intelligently waived that right.

*Id.* at 1001.

As a result of the error, this court vacated the defendant's conviction and sentence and remanded the case to the trial court for further proceedings. *See also State v. Arnold*, 30,282 (La.App. 2 Cir. 1/21/98), 706 So.2d 578, where the second circuit reached the same conclusion under similar circumstances, but remanded the case for an evidentiary hearing instead of reversing the defendant's conviction. Specifically, the second circuit stated:

> The defendant's convictions for murder and attempted murder are conditionally vacated and remanded to the trial court for a hearing to determine whether the defendant knowingly and intelligently waived his right to a jury trial. The defendant's conviction for possession of a firearm by a convicted felon is reversed and remanded because of the inadequate procedure surrounding his "guilty plea" at the trial.

*Id.* at 588.

10

This court has also chosen to remand a case for an evidentiary hearing under somewhat similar circumstances. In *Clark*, 711 So.2d 738, this court found patent error resulted when the defendant was tried by a judge after having initially requested a jury trial, absent any subsequent written or oral waiver of the previous request. However, instead of reversing the defendant's conviction and sentence, this court opted to follow the procedure adopted by the first and fifth circuits, and approved by the supreme court in *State v. Nanlal*, 97-786 (La. 9/26/97), 701 So.2d 963, and remanded the case with instructions to the trial court as follows:

> (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.

*Clark*, 711 So.2d at 742.

> It is impossible to determine from the record in the present case whether the Defendant's waiver was knowingly and intelligently made. Therefore, following *Clark*, we remand the case to the trial court with instructions that the trial court conduct an evidentiary hearing within thirty days to address and rule on the issue of whether Defendant knowingly and intelligently waived his right to trial by jury.

*Id.* at 874-76. [Footnote added, footnote in original omitted.]

In *State v. Singleton*, 05-622 (La.App. 5 Cir. 1/31/06), 922 So.2d 647, the defendant's counsel submitted a motion to waive trial by jury, signed only by him. In the motion, counsel stated that he consulted with the defendant, the defendant understood his right to trial by jury, and the defendant wished to waive that right. The motion was granted, and there was no other mention in the record of the defendant's right to jury trial. On appeal, the defendant claimed he did not see or read the motion and thus did not knowingly and intelligently waive his right to a jury trial. The fifth circuit, finding merit to the claim, conditionally affirmed the conviction on the evidence in the record on appeal. However, the case was remanded to the trial court to conduct an evidentiary hearing on the question of whether

defendant validly waived his right to a jury trial. If the evidence showed that the defendant did not make a valid waiver, the district court was ordered to set aside his conviction and sentence and grant him a new trial.

Recently, this court followed a similar course in *State v. R.W.W.,* 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131. In that case, this court remanded the case for the trial court "to conduct an evidentiary hearing to determine whether the jury reviewed the transcripts of the victims' interviews during deliberations and whether the defendant timely objected to any alleged error." *Id.* at 138. We find it necessary to remand the present case for a similar evidentiary hearing. If, on remand, the trial court found a sufficient La.Code Crim.P. art. 793 violation, the trial court must set aside the convictions and sentences and grant the defendant a new trial.

### DECREE

Accordingly, the Defendant's conviction for attempted simple kidnapping is hereby reversed and the sentence is vacated. The Defendant's conviction for simple robbery (Count II) is conditionally affirmed on the evidence in the record on appeal. However, we vacate the Defendant's sentence imposed on Count II. The case is remanded to the trial court to conduct an evidentiary hearing on the question of whether the Defendant validly waived his right to a jury trial. If the evidence shows the Defendant did not validly waive his right to a jury trial, the trial court must set aside his conviction for simple robbery and grant him a new trial. If the evidence shows the Defendant did validly waive his right to a jury trial, the trial court is instructed to resentence the Defendant on his conviction for simple robbery (Count II) and correct the court minutes of trial to correctly reflect the Defendant's conviction. The Defendant may appeal from any adverse ruling on the waiver issue,

12

and in the absence of such an appeal, this court affirms the Defendant's conviction for simple robbery.

**CONVICTION REVERSED, SENTENCE VACATED, AND OTHERWISE REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 07-141

**STATE OF LOUISIANA**

**VERSUS**

**ARCHIE LEWIS CHARLES**

**COOKS, J., agrees in part and dissents in part, and assigns reasons.**

I agree with the majority's reversal of the simple kidnaping conviction. However, I would also reverse the conviction for simple robbery. I believe what occurred here was not robbery, but a simple act of panhandling.